**MATTHEWS, Estate of, In re: DEPARTMENT OF TAXATION, Appellant, v. MATTHEWS et, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7386.   Decided March 7, 1951.

C. Wm. O'Neill, J. M. Burtsch, Jr., Columbus, for appellant. Dunham Matthews, Cincinnati, for appellee.

(SKEEL, PJ, HURD, J, of the 8th District, and STEVENS, J, of the 9th District sitting in the 1st District by designation.)

## OPINION

Per CURIAM:

Item II of the will of the deceased directed that a debt owing to Stanley Matthews in the sum of $27,000.00 arising out of a trust created by the deceased's husband prior to his death, which trust was for the benefit of both the deceased and her brother-in-law, Stanley Matthews, Appellee herein, should be paid to Stanley Matthews upon her death.

There is no dispute but that the deceased during her lifetime entered into an agreement, whereby she was to have the full benefit of the trust during her lifetime and that Stanley Matthews was to be the owner of the amount of $27,000.00 which was to be payable to him upon her death.

Item II of the will, therefore is not a testamentary disposition of the said $27,000.00 but an acknowledgment by the testatrix that said sum belonged to Stanley Matthews, and an exclusion of said money from the assets of her estate.

The appellee listed his claim in the Inventory, claiming said amount as a debt against the estate, and within the time provided by law brought an action under the provisions of §10509-106 GC, for a judicial determination by the Court that said amount was due him as a debt of the Estate. This claim was allowed by the Probate Court. The record of this proceeding is not before us, and, therefore, we must assume that it was supported by proper and sufficient evidence. The fact that such judgment was after the deduction of such amount from the assets of the estate in determining the inheritance tax is of no consequence. Said amount was in fact no part of the succession passing from the deceased to her legatees upon which inheritance tax is to be determined, under the provisions of the General Code, providing for the succession tax.

The claim that the State had no notice of this proceeding in which appellee presented his claim for the said $27,000.00 referred to in Item II of the will, was in fact his property and a legitimate claim against the estate, is without merit. The statutes required no such notice, and the fact that such claim was listed in the Inventory by the appellee is sufficient notice to the State.

The judgment is therefore affirmed.

SKEEL, PJ, HURD & STEVENS, JJ, concur.