In re Estate of Hart: Schneider, Tax Commr., Appellant, v. Ball, Exr., Appellee.

[Cite as Schneider, Tax Commr., v. Ball, 3 Ohio App. 2d 129.]

(No. 7930—Decided August 3, 1965.)

*Mr. William B. Saxbe*, attorney general, and *Mr. Jon A. Ziegler*, for appellant.

*Messrs. Hengst & Ball*, for appellee.

Duffey, J. This is an appeal by the state Tax Commissioner from an order of the Probate Court of Franklin County determining inheritance taxes. Chapter 5731, Revised Code. The appeal is confined to the basis of taxation on one item only.

During his life the decedent borrowed $5,000 from Blanche Porter. He executed his promissory note, payable on demand, and delivered it to her. The note was unpaid at the time of his death. The will provided that she have a life estate in certain real property. It also established a trust of $12,000, and directed

that Blanche Porter was to receive from income and principal a sum of $200 per month for life or until the fund was exhausted. Item VI of the will provided that these two life interests were bequeathed on the condition that Blanche Porter surrender the note to the executor as "fully paid." The Probate Court held that the $5,000 due on the note should be subtracted in determining the valuation of the taxable succession to Blanche Porter. The Tax Commissioner has appealed.

We note that the Probate Court appears to have used the figure of $12,000 as a beginning point in the valuation of the trust provision even though the taxpayer received only a life interest. No question has been raised on the point, and we express no opinion.

Section 5731.02, Revised Code, levies the inheritance tax. The last paragraph of that section provides:

"Such tax shall be upon the excess of the *actual market value* of such property over the exemptions made and at the rates prescribed in Sections 5731.01 to 5731.56, inclusive, of the Revised Code." (Emphasis added.)

The Attorney General argues that the fact that there may have been a "consideration" for the two bequests is entirely immaterial in determining the value of the succession. He points to the fact that the "quid pro quo" is only referred to in connection with an *inter vivos* transfer covered by Section 5731.02 (C), Revised Code. Accordingly, he concludes that the tax must be based upon the gross value of the succession.

The argument here is as disingenuous as that made in *Tax Commission, ex rel. Price, Atty. Genl.*, v. *Lamprecht, Admr.* (1923), 107 Ohio St. 535, and is exactly the same in principle. That case involved the deduction of the federal estate tax in determining the valuation of taxable successions. The Tax Commission there attempted to argue that the right of succession was complete at the instant of death, and on that theory that the tax must be based on the gross value of the succession. As the court pointed out, such an ingenious theory would not allow the beneficiaries to deduct even the debts or administrative expenses. Although recognizing the incomplete drafting and ambiguities of the Ohio inheritance tax statutes, the court firmly rejected this theory, calling it "wholly impractical." It found that the tax was to be based on the "net balance." In

discussing the valuation problem, the court stated, at page 547:
"* * * The value of the right to receive must be exactly equal to the value of the property which passes * * *."

In the syllabus of the *Lamprecht case* the court held that the tax is a succession tax on the "beneficial interest" and is to be based on "the value of the succession." In determining the "actual market value" as provided by the statute, we consider it wholly impractical to ignore the necessity that the legatee surrender a valid claim for $5,000 against a fully solvent estate capable of paying the debt in full. Accordingly, we find that the Probate Court was correct in considering the surrender of the note as a proper factor in the valuation of the legatee's right of succession.

While the order of the Probate Court is, in our opinion, fully justified on principles of valuation, one other aspect should be noted. The payment of a debt is not a succession by will or intestate law. Even though a will may contain a direction for payment of a debt couched in the language of a bequest, it is nevertheless a payment of a debt. See *In re Estate of Matthews* (1951), 60 Ohio Law Abs. 385. In our opinion, the fact that the decedent chooses to offer, and the creditor chooses to accept, payment of a debt in something other than legal tender does not change the nature of the transaction from the payment of a debt into a bequest. In the present case, we consider the only property which passes to Blanche Porter by virtue of the will to be that which is in excess of the debt.

The order of the Probate Court will be affirmed.

*Judgment affirmed.*

BRYANT, P. J., and DUFFY, J., concur.