Canton, Appellee, *v.* Imperial Bowling Lanes, Inc.,
Appellant.

(No. 68-136—Decided December 4, 1968.)

**48**

*Mr. Harold E. DeHoff*, city solicitor, for appellee.
*Mr. James V. Armogida* and *Mr. Frank DePasquale*,
for appellants.

TAFT, C. J. It is contended that the Common Pleas
Court of Stark County had no jurisdiction of this action by
reason of Section 4301.31, Revised Code, which reads, so
far as pertinent:

"No court, other than the Court of Common Pleas of
Franklin County, has jurisdiction of any action against the
Board of Liquor Control, the Director of Liquor Control,
or the Department of Liquor Control, to restrain the exer-
cise of any power or to compel the performance of any
duty under Chapters 4301 and 4303 of the Revised Code.
* * *"

This does not purport to be an action against either the board, the director, or the Department of Liquor Control.

However, it is contended that it is in effect such an action because the Department of Liquor Control is a necessary party since the regulation of the sale of intoxicating beverages and the issuance of permits has been completely pre-empted by the state and vested in that department, and that department has issued a D-2 permit to the defendant for a location within the part of Plain Township which was annexed to Canton in 1964 and is involved in the instant case.

This requires a consideration of the following provisions of the Revised Code.

Section 4301.35. "* * * At such election all of the following questions shall be submitted to the electors of the district:

"(A) 'Shall the sale of any intoxicating liquor be permitted in .............?' * * *"

Section 4301.36. "If a majority of the electors voting on the questions set forth in Section 4301.35 * * * in a district vote 'no' on question (A), no * * * D permit holder shall sell intoxicating liquor of any kind within the district concerned, during the period such election is in effect * * *."

Thus, Section 4301.36, Revised Code, recognizes that one may have a D permit for a particular location and yet be prohibited from selling intoxicating liquor at that location by reason of a valid local option election against such sale in the territory including that location.

This statutory language requires the conclusion that the issuance of a D permit for a specific location will not authorize a sale of any intoxicating liquor at that location if a majority of voters have voted in a valid local option election pursuant to Section 4301.35, Revised Code, against the sale of any intoxicating liquor in territory which includes that location.

Furthermore, Section 4301.39, Revised Code, as in force prior to June 4, 1968, provided in part:

"When the board of elections * * * determines that a

petition for a local option election * * * is sufficient, it shall forthwith * * * notify the Department of Liquor Control of the fact that such a petition has been filed and approved by it. Upon the determination of the result of any such election, the board shall forthwith notify the department thereof in like manner.

"If, as the result of such election, the use of a permit is made wholly unlawful, the department shall forthwith cancel such permit. * * *"

Although provision for a protest against a local option petition is made in Section 4301.33, Revised Code, the Department of Liquor Control is given no right to make such a protest. Neither is the department given any right, such as is given to voters, to contest a local option election. Sections 3515.08 and 3515.09, Revised Code.

It is difficult to perceive any real interest that the department would have in whether the permit, which it had issued to defendant, authorized sales of intoxicating liquor by defendant. It is obvious that the party really interested in that question is defendant.

Section 2721.12, Revised Code, does provide that "when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration," but it contemplates that there may be a declaration, even if some such person is not made a party, when it states that "no declaration shall prejudice the rights of persons not parties to the proceeding."

If we assume that, because of Section 2721.12, Revised Code, the Department of Liquor Control was a necessary party, then there would at most be what Section 2309.08, Revised Code, describes as "a defect of parties" which was waived by defendant because not specifically raised either by demurrer or by answer. Section 2309.10, Revised Code.

It is contended further that there is no justiciable controversy in the instant case. Whether there is depends on a construction of Section 2721.03, Revised Code, which reads, so far as pertinent:

"Any person [defined in Section 2721.01, Revised Code, to mean a 'municipal corporation,' such as Canton] * * * whose rights [here, the city, as enforcer of the law, and the defendant permit holder as enforcee thereof] * * * or other legal relations are affected by a * * * statute [such as those involved in the question as to whether sales of liquor in the annexed portion of Plain Township are now lawful] * * * may have determined any question of construction * * * arising under such * * * statute * * * and obtain a declaration of rights * * * or other legal relations thereunder." (Interpolations in brackets added for understanding and emphasis.)

In our opinion, a municipal corporation may bring an action under the declaratory judgment statutes (Chapter 2721, Revised Code) against a D permit holder to determine whether it is lawful for such permit holder to sell intoxicating liquor in the part of a township that is annexed to that municipal corporation.

In contending that liquor can be sold in the part of Plain Township annexed in 1964 to the city of Canton, defendant relies upon the part of Section 709.10, Revised Code, which states that "territory" so annexed to a city "is deemed a part of the municipal corporation, and the inhabitants residing therein shall have all the rights and privileges of the inhabitants within the original limits of such muncipal corporation."

Defendant then argues that "the rights and privileges of" an inhabitant "within the original limits of" Canton would include the right to sell intoxicating liquor therein if he had a license to do so, and that therefore defendant should have the right to sell such liquor under his D-2 license in the part of Plain Township annexed to Canton.

This argument would have considerable force if paragraph (B) were not a part of Section 4301.32, Revised Code, which reads:

"The privilege of local option as to the sale of intoxicating liquors is hereby conferred upon the electors of the following districts:

"(A) A municipal corporation;

"(B) A residence district in a municipal corporation consisting of two or more contiguous election precincts, as defined by the petition authorized by Section 4301.33 of the Revised Code;

"(C) A township, exclusive of any municipal corporation or part thereof located in such township."

If paragraph (B) were not in that statute, then a local option district would have to be either a municipal corporation or a township, exclusive of any part of a municipal corporation. In such an instance, it might be reasonable to conclude that the General Assembly intended that the word "district" as used in the local option statutes, should always describe the entire territory at any particular time included within a municipal corporation. In such an instance, if the privilege of local option had been exercised by the electors of a municipal corporation, then all of its territory would have the same wet or dry status and no problem would arise as to what status should be given to property annexed thereto.

However, because of paragraph (B) of Section 4301.32, Revised Code, there may be a wet or a dry "residence district in a municipal corporation consisting of two or more contiguous election precincts." Hence, there may be both wet and dry districts in a municipal corporation which annexes part of a township. If the municipal corporation which annexes township territory is partly dry and partly wet (because of local option elections) and if the status as wet or dry of township territory (because of a local option election) can be changed by annexation to a city, how can its status as wet or dry be determined, especially where the annexed territory is contiguous to both wet and dry precincts of the municipal corporation?

Also, precinct boundaries are set and can be changed by a county board of elections. Section 3501.18, Revised Code. Could the General Assembly reasonably have intended that any such changes would affect the wet or dry status of territory as previously established by an election under the local option statutes?

A determination, that annexation of township terri-

tory to a city does not change the local option status of that territory as wet or dry, would avoid such problems and results.

In *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367, 92 N. E. 2d 390, paragraph one of the syllabus reads:

"The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result."

With this in mind, we conclude that the inclusion of paragraph (B) in Section 4301.32, Revised Code, indicates a legislative intention that the word "district" in the local option statutes should always describe the territory included within a district at the time of a local option election therein.* It would then follow that the status as wet or dry of any part of that territory (which status had been acquired pursuant to a local option election) could only be changed by a subsequent local option election in a district including that part of that territory.

We believe that this conclusion is also fortified by Section 4301.37, Revised Code, which reads in part:

"When a local option election is held in any district, the result of such election shall be effective in such district until another election is called and held pursuant to Sections 4301.32 to 4301.36 * * * but no such election shall be held in any district more than once in each four years, except as otherwise provided in Section 4301.38 * * *."

See also annotation entitled "Change of 'wet' or 'dry'

---

*It may be noted that the amendment to Section 4301.39, Revised Code, effective June 4, 1968, contemplates preparation of "a plat of the local option district" showing and designating "all streets and highways therein and all precinct, municipal, township, and county boundaries on or within such local option district." Such a statutory provision would seem for the future to specifically negative any change in local option wet or dry status by reason of annexation of territory in a local option district to a municipal corporation.

status fixed by local option election by change of name, character, or boundaries of voting unit, without later election." 25 A. L. R. 2d 863; *In re Petition of Davis* (1906), 4 N. P. (N. S.), 420; 1950 Opinions of Attorney General, 354, No. 1882; 1957 Opinions of Attorney General, 176, No. 597.

For the foregoing reasons the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District sitting for HERBERT, J.