### State v. Gray
*[Cite as 6 AOA 179]*

*Case No. L-89-239*
*Lucas County, (6th)*
*Decided August 31, 1990*

*Anthony G. Pizza, Prosecuting Attorney, and Thomas N. Tomczak, for Appellant.*

*Julia A. Davis and Paul L. Geller, for Appellee.*

This matter is an appeal from a judgment of the Lucas County Court of Common Pleas.

The facts of the case are as follows. On July 28, 1987, appellee, Tammy Gray, gave birth to a daughter, an allegedly cocaine addicted baby. In September 1988, Gray was indicted by the Lucas County Grand Jury on one count of child endangerment in violation of R.C. 2919.22(A).[1] On January 26, 1989, appellant, the state of Ohio, filed a bill of particulars which reads as follows:

"Tammy Gray on or about the 28th day of January, 1987, in Lucas County, Ohio, being the parent of Sierra Gray, (d.o.b. 1-28-87), a child under 18 years of age, did prior to the birth of said child recklessly create a substantial risk to the health or safety of her subsequently born child, Sierra Gray, by violating a duty of care, protection, or support by the ingestion of cocaine in the third trimester of her pregnancy, which resulted in serious physical harm to Sierra Gray after her birth in Lucas County, Ohio, on or about January 28, 1987."

Subsequently, Gray filed a motion to dismiss on the ground that R.C. 2919.22(A) did not create a duty of care owed to a fetus. The trial court granted Gray's motion to dismiss on July 13, 1989.

It is from such judgment that the state raises the following two assignments of error:

"1. THE TRIAL COURT ERRED BECAUSE REVISED CODE SECTION 2919.22 CREATES A DUTY OF CARE TO A FETUS WHICH BECOMES A CHILD.

"2. THE TRIAL COURT FAILED TO CONSIDER THE TIME THAT A FETUS IS A CHILD AND STILL ATTACHED TO THE MOTHER/PARENT AND THE DUTY OF CARE CREATED AT THAT TIME."

As to the first assignment of error, we find the well-reasoned decision of the trial court to be dispositive of the issues raised by the state. For that reason, the trial court's decision is adopted as our own. See Appendix A. Accordingly, the state's first assignment of error is found not well-taken.

As the second assignment of error, the state argues that even if R.C. 2919.22(A) does not impose a duty of care to a fetus, the statute does impose such duty during the time after a child is born and is still attached to his or her mother via the umbilical cord. The state argues that the transfer of blood in which cocaine is present, through the umbilical cord, between mother and child constitutes a violation of R.C. 2919.22(A).

R.C. 1.47(C) provides that there is a presumption that the General Assembly intended a "just and reasonable result" in enacting a statute. Further, "[i]t is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid [unreasonable consequences]." *Canton v. Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47, paragraph four of the syllabus.

This court cannot conclude that the General Assembly intended R.C. 2919.22(A) to apply to the circumstances of the present case. It is clear that R.C. 2919.22(A) is intended to impose criminal penalties on parents who through their neglect "create a substantial risk to the health or safety of the child ***." However, we are not persuaded that the General Assembly intended to make a criminal act the passage of harmful substances from a mother to her child in the brief moments from birth to the severance of the umbilical cord. To construe the statute in this manner would mean that every expectant woman who ingested a substance with a potential for harm to her child, *e.g.* alcohol or nicotine, would be criminally liable under R.C. 2919.22(A). We do not believe such a result was intended by the General Assembly.

Accordingly, the state's second assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. See also Supp. R. 4, amended 1/1/80.

HANDWORK, P.J., GLASSER, J., concur.

ABOOD, J., concurs in judgment only.

---

[1] R.C. 2919.22(A) reads in pertinent part as follows:

"(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."