THE VILLAGE OF GOODFIELD, Plaintiff-Appellee, v. MARGARET KNAPP *et al.*, Defendants-Appellants.

Fourth District   No. 4—90—0543

Opinion filed February 21, 1991.

Larry M. Leiken, of Eureka, for appellants.

Frederick G. Hoffman and Craig W. Stensland, both of Hinshaw & Culbertson, of Peoria, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Margaret and Harry Knapp and the Conklin Players, Inc., appeal from an order of the Woodford County circuit court granting a motion for summary judgment filed by the Village of Goodfield (Village). The circuit court concluded the Knapps did not reside in an "annexed area" within the meaning of the Liquor Control Act of 1934 (Act) (Ill. Rev. Stat. 1989, ch. 43, par. 93.9 *et seq.*) and, thus, the petition they filed to discontinue the liquor prohibition in the Village was invalid. We affirm.

The Knapps filed a petition, pursuant to section 9—9 of the Act (Ill. Rev. Stat. 1989, ch. 43, par. 173.1), with the Village on July 11, 1989, seeking to discontinue the liquor prohibition in an area de-

scribed in the petition. The Knapps filed the petition as the only registered voters in the described area.

The Village had annexed the area described in the Knapps' petition by ordinance dated March 2, 1978. Prior to annexation, the area was part of the Township of Montgomery (Township). At annexation, and continuously since April 1, 1947, the Township maintained a prohibition against the retail sale of alcoholic beverages in the Township. The Village also prohibited the retail sale of alcoholic beverages when the area was annexed in 1978.

Conklin Players operates a regional dinner theater within the annexed area. Conklin Players petitioned the Village to place the liquor prohibition on the ballot in 1981. Village voters voted to continue the prohibition in an election held April 7, 1981, and defeated a similar proposal, also made by Conklin Players, on April 2, 1985.

On August 10, 1989, the Village filed a complaint in Woodford County circuit court seeking a declaratory judgment. Specifically, the Village sought a ruling that the Knapps' petition was invalid and section 9—9(b) of the Act (Ill. Rev. Stat. 1989, ch. 43, par. 173.1(b)) inapplicable.

Conklin Players petitioned the circuit court to intervene on September 11, 1989, and the court granted the motion on September 25, 1989.

The Village filed a motion for summary judgment on January 16, 1990. The court granted the motion on July 10, 1990, concluding the Knapps' petition was invalid, as they did not live within an "annexed area" within the meaning of the Act. The Knapps and Conklin Players filed a timely notice of appeal.

The issue on appeal is whether the circuit court erroneously interpreted the Act. Under the Act, an "[a]nnexed area" is "a territory which has attached to and become a part of a different political subdivision or precinct. The term shall be an appropriate designation only until the area to which it attaches holds a referendum hereunder." (Ill. Rev. Stat. 1989, ch. 43, par. 166.) Section 9—8 of the Act sets forth the procedure for altering the status, as to the sale of liquor, in a political subdivision which annexes new territory:

> "The status of all the territory within any political subdivision or precinct, relative to the sale at retail of alcoholic liquor *** shall remain the same, notwithstanding any change which may be made in the limits of any such political subdivision or precinct until the voters thereof have changed such status as to annexed or disconnected areas under the provisions of Section 9—9 of this Article, or until the voters have changed such sta-

tus for areas other than annexed or disconnected areas under the provisions of Section 9—2 or Section 9—10." Ill. Rev. Stat. 1989, ch. 43, par. 173.

The First District Appellate Court summarized the statutory scheme of section 8.1 (Ill. Rev. Stat. 1977, ch. 43, par. 173.1) as follows:

"Voters residing in annexed or disconnected areas may change the status of their areas in two ways. Section 8.1(a) of article IX provides for a special election by the voters of the area. (Ill. Rev. Stat. 1977, ch. 43, par. 173.1(b).) Section 8.1(b) of article IX provides that the status of such an area may be changed by filing a petition containing the signatures of not less than two-thirds of all the legal voters residing in the area. (Ill. Rev. Stat. 1977, ch. 43, par. 173.1(b).) Unless the filed petitions are challenged within 30 days, the change in status takes place. A referendum vote is required for areas which are not annexed or disconnected. Ill. Rev. Stat. 1977, ch. 43, pars. 167 and 174." *Bilandic v. 1011 Club, Inc.* (1979), 73 Ill. App. 3d 451, 452, 392 N.E.2d 600, 601.

The circuit court granted the Village's motion for summary judgment, stating:

"The area described in Defendants' petition to discontinue liquor prohibition was annexed to the Village of Goodfield (Plaintiff herein) by ordinance adopted on March 2, 1978. On April 7, 1981, the Village of Goodfield, the area to which Defendants' property was attached, held a local referendum relative to the sale of alcoholic liquor. (*Ill. Rev. Stat.* 1989, ch. 43, par. 173.) On April 2, 1985, another referendum was held. Pursuant to the definition of 'annexed area' in paragraph 166, the territory in which Defendants reside lost its status as 'annexed area' on April 7, 1981. (*Ill. Rev. Stat.* 1989, ch. 43, par. 166.) Ergo, Defendants' property is not 'annexed area' and its status may be changed only by referendum vote. (*Ill. Rev. Stat.* 1985, ch. 43, par. 173.) Paragraph 173.1[a] will not assist Defendants as they do not wish *to continue* the area's current status. Said paragraph is inapplicable to the case at bar. *Ill. Rev. Stat.* 1989, ch. 43, par. 173.1[a].

The Legislature has provided a statutory scheme for the continuation or change in status relative to sale of alcohol at retail where a territorial change has occurred. Attorney Leiken is correct that the procedure to change the status of an 'annexed area' is a simple summary procedure, but the definition pro-

vided by the Legislature indicates an intent of stability. That is, once the referendum approach is utilized, the simple summary approach is lost."

The Knapps and Conklin Players argue the circuit court focused on the definition of "[a]nnexed area" in section 9—1 (Ill. Rev. Stat. 1989, ch. 43, par. 166) and ignored other portions of the Act. Specifically, they argue the court failed to consider the language of section 9—8 (Ill. Rev. Stat. 1989, ch. 43, par. 173), which states the status of a territory remains the same notwithstanding a boundary change until the voters have *changed* the status of the original territory. The referenda of 1981 and 1985 did not change the Village's status and, thus, have no effect in the present controversy. The Knapps and Conklin Players argue strict application of the definition of an "[a]nnexed area" would therefore render meaningless the language of section 9—8 (Ill. Rev. Stat. 1989, ch. 43, par. 173), requiring a change in status.

They also contend the circuit court ignored the language of sections 9—9(a) and (c). (Ill. Rev. Stat. 1989, ch. 43, pars. 173.1(a), (c).) Section 9—9(a) provides, in pertinent part: "The provisions in Sections 9—1, 9—2, 9—4, 9—5, 9—6 and 9—7 shall apply except where they conflict with this Section, in which event the provisions of this Section shall control." (Ill. Rev. Stat. 1989, ch. 43, par. 173.1(a).) Section 9—9(c) states: "A vote under subsection (a) above or the filing of a valid petition under subsection (b) above shall bar further proceedings under this Section for 47 months thereafter." (Ill. Rev. Stat. 1989, ch. 43, par. 173.1(c).) The Knapps and Conklin Players contend this section limits the effective period of the result of an election or petition to 47 months. Finally, the Knapps maintain they successfully changed the status of the territory in which they reside using the petition method set forth in section 9—9(b) (Ill. Rev. Stat. 1989, ch. 43, par. 173.1(b)), as they are the only legal voters residing in the area annexed by the Village.

■■ We disagree with all of these arguments. The annexed area ceased to be an annexed area within the meaning of the Act when the Village held its 1981 referendum pursuant to the Act. The only means now available to alter the Village's prohibition on the retail sale of alcohol is another referendum. The Village asserts, and we agree, it would be an absurd interpretation of the statute to find, after the entire municipality has elected to continue the prohibition against alcohol, that two voters who have been part of the Village through both of these village-wide referenda would be able to change the status of their part of the Village by simply filing a petition. Section 9—8 of the Act (Ill. Rev. Stat. 1989, ch. 43, par. 173) simply protects the existing

status of a political subdivision which annexes additional territory. Annexation of territory with a different status than the annexing territory does not change the status of the annexing territory until voters conduct a referendum pursuant to the Act to change the status. This section is inapplicable in this case because both the Village and the area annexed prohibited the retail sale of alcoholic beverages.

The defendants also misinterpreted the 47-month limit found in section 9—9(c) (Ill. Rev. Stat. 1989, ch. 43, par. 173.1(c)). The legislature included the 47-month provision to preclude status change questions at every election, and allows such questions to appear on the ballot only after the lapse of 47 months from the last time the issue appeared.

Our function on review is to determine whether the trial court correctly concluded there were no issues of material fact and correctly entered summary judgment for the Village. Summary judgment is appropriate "when the pleadings, depositions, admissions on file, and affidavits present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." (*Dockery v. Ortiz* (1989), 185 Ill. App. 3d 296, 304, 541 N.E.2d 226, 230.) The circuit court correctly concluded there were no genuine issues of material fact. Once the Village held the 1981 referendum, pursuant to the Act, the area in which the Knapps reside was no longer an "[a]nnexed area" for purposes of the Act. (Ill. Rev. Stat. 1989, ch. 43, par. 166.) Sections 9—8 and 9—9 (Ill. Rev. Stat. 1989, ch. 43, pars. 173, 173.1) are inapplicable to this case.

The judgment of the Woodford County circuit court is affirmed.

Affirmed.

SPITZ and McCULLOUGH, JJ., concur.