**The STATE of Ohio, Appellee,**

v.

**COOK, Appellant.**

[Cite as *State v. Cook* (1997), 117 Ohio App.3d 205.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17446.

Decided Jan. 15, 1997.

*David M. Lowry*, for appellant.

*Dwayne Jones*, Cuhahoga Falls Prosecutor, for appellee.

REECE, Judge.

Appellant Richard T. Cook appeals the trial court's denial of his Crim.R. 29 motions for acquittal, as well as the trial court's refusal of his proposed jury instructions.

Appellant Richard T. Cook appeals the trial court's denial of his Crim.R. 29 motions for acquittal, as well as the trial court's refusal of his proposed jury instructions.

I

Appellant Cook operated Akron Mattress, a retail bedding store in Cuyahoga Falls, Ohio. After the publication of several advertisements by Akron Mattress, listing mattress and box spring sets for $99, the Better Business Bureau initiated an investigation of the company. On March 24, 1995, an employee of the BBB, Denise Goldinger, and her family visited Akron Mattress to purchase a mattress and box spring set.

Cook assisted the Goldingers in their selection and purchase of a mattress. He showed them some mattresses wrapped in plastic and informed them that the mattresses had never been used. He told them that the mattresses had received scratches and dents during shipping and this was the reason they were offered

for sale at a low price. Cook further informed the Goldingers that the mattress came with a ninety-day return policy. The Goldingers purchased a mattress and returned later that day to pick it up.

After retrieving the mattress, the Goldingers took it to the BBB offices. There it was inspected by personnel from the BBB, as well as three inspectors from the Ohio Department of Industrial Relations, Division of Bedding and Upholstered Furniture Inspection. The inspectors found that no red tag or label was affixed to the mattress, as required by statute to indicate the mattress had been previously used. When they looked underneath a covering that had been placed over the mattress, they discovered blood, urine, and dirt stains on the mattress. Further examination revealed that the mattress had not been treated with the disinfection chemicals required by statute.

Cook was arrested and charged with violating R.C. 3713.05 and R.C. 3713.051 by selling secondhand articles of bedding without appropriate tags and disinfection. The matter was tried on August 10, 1995 and the jury returned a verdict of guilty on both counts. This appeal followed.

## II

Although Cook asserts four assignments of error for our review, his brief reveals that each assignment of error presents essentially the same argument: that his sale of the mattress in question was not an "as is" sale and did not qualify as a sale of a secondhand article of bedding under R.C. Chapter 3713. Therefore, we will address all of the assignments of error together.

Any individual engaging in the sale of secondhand bedding must comply with the standards set forth in R.C. 3713.05 and 3713.051. Cook contends his conviction for violation of these code sections was in error because, under his interpretation of the definitions set forth in R.C. Chapter 3713, he did not qualify as a dealer of "secondhand articles of bedding." R.C. 3713.01(G) defines "secondhand articles of bedding" as "any article of bedding which has been put to bodily use by, on, or about any person or animal and is sold or offered for sale 'as is.' " Cook argues that the sale for which he was convicted under the statute did not constitute an "as is" sale because he sold the mattress with a ninety-day return policy. Cook claims the ninety-day return policy operated as a warranty and, as such, removed the sale from the province of the statute. We disagree.

Initially, we note that the ninety-day free trial policy that accompanied the sale of the mattress in this case does not constitute a "warranty." A warranty is a promise by the seller that goods will conform to description and will be fit for the purpose for which they are sold. See R.C. 1302.26, 1302.27. Cook's return policy simply offered the buyer the option to return the mattress if she was dissatisfied

for any reason. She could have returned the mattress because she was unhappy with the color or comfort of the mattress. This ninety-day free-trial period amounted to a return policy and did not serve as a warranty on the fitness of the goods.

Furthermore, even if the return policy could be considered a warranty, Cook cannot hide behind the words of the return policy to escape accountability for the condition of the goods he sold. He argues that he did not engage in the sale of secondhand bedding because he did not offer the mattress for sale "as is"; instead he offered it for sale under warranty. Even assuming that such a warranty precludes the sale from being an "as is" sale, such a warranty is insufficient to remove this sale from the control of R.C. Chapter 3713. Cook represented to the buyers that the mattress he sold them was new. In reality, the mattress was a used mattress covered with blood and urine stains. Cook cannot excuse the sale of a used mattress from the standards of the statute by giving warranties under false pretenses.

Cook's interpretation of R.C. 3712.05 and R.C. 3713.051 is flawed. In determining legislative intent, courts "look to the language employed and to the purpose to be accomplished." *State ex rel. Francis v. Sours* (1944), 143 Ohio St. 120, 124, 28 O.O. 53, 55, 53 N.E.2d 1021, 1023. A strong presumption exists against any construction that produces unreasonable or absurd consequences. See *Canton v. Imperial Bowling Lanes, Inc.,* (1968), 16 Ohio St.2d 47, 45 O.O.2d 327, 242 N.E.2d 566, paragraph four of the syllabus; *State ex rel. Belknap v. Lavelle* (1985), 18 Ohio St.3d 180, 181, 18 OBR 248, 248–249, 480 N.E.2d 758, 759–760. "It is the function of the courts to construe the statutory language to effect a just and reasonable result." *Gulf Oil Corp. v. Kosydar* (1975), 44 Ohio St.2d 208, 73 O.O.2d 507, 339 N.E.2d 820, paragraph two of the syllabus.

Cook repeatedly makes the argument that his sale of the used mattress was not an "as is" sale, thus not a sale of secondhand bedding and not subject to the standards of R.C. Chapter 3713, based upon a skewed interpretation of the statute. Cook wholly ignores the purpose behind the statute: to protect buyers from purchasing unmarked and undisinfected used items of bedding. If the mere statement of a warranty were enough to allow sellers of secondhand bedding to circumvent the standards set forth in the statute, the statute would have no purpose. Sellers could make false representations and sell bedding in any condition, unregulated, so long as they accompanied the sale with a warranty. Such a result would be both "unreasonable" and "absurd."

Because we do not accept Cook's argument that he did not sell the mattress "as is" and, thus, he was not a dealer of secondhand articles of bedding, we reject his first, second, third, and fourth assignments of error.

### III

The four assignments of error ar overruled. The judgments of the trial court denying appellant's motions for acquittal and refusing appellant's proposed jury instructions are affirmed.

*Judgments affirmed.*

QUILLIN, P.J., and DICKINSON, J., concur.