The Honorable Jim Wood State Representative P.O. Box 219 Tupelo, Arkansas 72169-0219
Dear Representative Wood:
I am writing in response to your request for an opinion on how the annexation of territory by a city affects the sale of alcoholic beverages in the annexed territory under local option laws. Specifically, you note that the City of Augusta is considering annexing some lands adjacent to the City. You do not indicate, but I assume that the lands under consideration are within Woodruff County. You note that the City of Augusta voted to prohibit the sale of alcoholic beverages back in the late 1940s. It is therefore a "dry" city except as it relates to the retail sale of beer, which was later authorized by the Alcoholic Beverage Control Board and by statute. See A.C.A. § 3-8-210 (Supp. 2001). Woodruff County, on the other hand, is a "wet" county. You note that there is a liquor store on the lands proposed to be annexed. You also note that if the annexation occurs, the City of Augusta will collect a city sales tax on the sale of beer, liquor, wine, etc. from the store located on the lands in question. You also state that the City does not wish to do anything to jeopardize the liquor permit of the liquor store on the adjoining property and the annexation is not intended to affect this. You therefore pose the following question:
 Would the annexation of the property upon which is situated the existing license jeopardize the license?
RESPONSE
It is my opinion that the answer to this question is "no." There was once a statute addressing the question (see former A.C.A. § 14-40-407), which would have required the annexed lands you describe to become "dry." That statute was repealed in 1995, however. Absent any statute on the question, the common law rule appears to be that annexation of territory does not affect the previously adopted local option result for that territory. Thus, a territory voted or permitted as "wet," as in Woodruff County, would not change its status by virtue of the fact that it is annexed into a mostly "dry" city.
As noted above, current Arkansas statutes do not address this question. A former statute, A.C.A. § 14-40-407, adopted as a part of Acts 1967, No. 651 (§ 7) addressed the issue by stating:
 When any area in which the sale of alcoholic beverages is lawful is annexed to any municipality in which the sale of alcoholic beverages is unlawful, the sale of alcoholic beverages in such annexed area shall be unlawful. When any area in which the sale of alcoholic beverages is unlawful is annexed to any municipality in which the sale of alcoholic beverages is lawful, the sale of alcoholic beverages shall continue to be unlawful in such annexed territory.
(Emphasis added). See also Op. Att'y. Gen. 84-226.
Under former law, therefore, the territory you describe would have become "dry" and the license to which you refer would have been "jeopardized." The statute above, however, was repealed by Acts 1995, No. 555. The title of that Act is "AN ACT to Repeal Certain Municipal Laws Which are Obsolete or Unconstitutional; and for Other Purposes."
Absent any statute on the question, the issue will be governed by the common law. I have found no case of the Arkansas Supreme Court, however, addressing this precise point. There is case law in other jurisdictions addressing the issue, some of which will be discussed below. Particularly instructive is a Kentucky case, Rich-Hills Catering Company, Inc. d/b/aHoliday Inn v. Slattery, 448 S.W.2d 379 (Ky. 1969). Citation of Kentucky law is particularly appropriate because it has been stated by the Arkansas Supreme Court that "[w]e borrowed our local option law of 1935 from the State of Kentucky." Denniston, County Judge v. Riddle,210 Ark. 1039, 199 S.W.2d 308 (1947).
The Kentucky Court of Appeals had the reverse situation before it in theRich-Hills case. In Rich-Hills, a wet city annexed some territory in a dry area. A Holiday Inn in the annexed area thereafter filed an application for a liquor permit, which was issued by the Alcoholic Beverage Control Board. Some citizens protested the issuance of the license and litigated the issue in the circuit court. The circuit court canceled the license and the Kentucky Court of Appeals affirmed. The Holiday Inn argued that once territory is properly annexed to a municipality, the residents of the annexed territory become subject to the rights and privileges as well as the burdens of the municipality. It therefore contended that the annexed territory became "wet" on its annexation into the city. The citizens, on the other hand, argued that once a territory is voted "dry," it remains dry territory even though it is later annexed to a "wet" city. The Kentucky Court of Appeals ruled for the citizens. The court cited several authorities in reaching its conclusion, including 48 C.J.S. Intoxicating Liquors § 58, one sentence of which summarizes the law as follows: "In the absence of a statute otherwise providing, the fact that additional territory is added to a subdivision of a state does not operate to change an area from "wet" to "dry" or vice versa as established in the original territory by an election, in the absence of another vote." (Footnotes omitted).
Also cited by the Kentucky court is "Change of "wet" or "dry" statusfixed by local option election by change of name, character, orboundaries of voting unit, without later election" 25 A.L.R. 2d 863, 864 (§ 2), in which the following was quoted by the Kentucky Court of Appeals:
 Because the theory of local option laws is that the people of a political or governmental unit shall have the right to determine their status, and the correlative right to change it, according to the provisions of those laws, a status once adopted is usually considered to attach to the territory which was originally bound by the vote, and to remain operative, unless lawfully changed, notwithstanding changes for other purposes in the designation, boundaries, or organization of the unit.
See 448 S.W.2d 379, 382.
Other cases supporting what appears to be the general rule in this regard are Palmer v. Liquor Control Commission, 77 Ill. App. 3d 725, 33 Ill. Dec. 100, 396 N.E.2d 325 (1979); Bilandic v. 1011 Club, Inc.,73 Ill. App.3d 451, 29 Ill. Dec. 903, 392 N.E.2d 600 (1979); and Canton v.Imperial Bowling Lanes, Inc., 16 Ohio St. 2d 47, 242 N.E.2d 566 (1968).
In my opinion, therefore, although there is no controlling decision of the Arkansas Supreme Court on point, the answer to your question is "no," the license of the affected liquor store will not be jeopardized if the territory is annexed into the City of Augusta.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh