OPINION
{¶ 1} This appeal is from a judgment of the Franklin County Court of Common Pleas, Probate Division, overruling the exceptions by the administrator of the estate of Ray K. Deems ("appellant").
 {¶ 2} Ray K. Deems died testate on December 16, 2000. At the time of his death, Mr. Deems held an undivided one-half interest in real property located at 409 South Columbia Avenue, Bexley, Franklin County, Ohio ("the residential property"). The residential property was purchased by Mr. Deems and his wife jointly in November 1964. In 1999, Mr. Deems and his wife executed an open-end mortgage on the residence in the amount of $412,500. Following Mr. Deems's death, the residence was appraised at a fair *Page 2 
market value of $480,000. Thus, Mr. Deems's undivided one-half interest equaled $240,000. The December 2000 mortgage statement listed the principal balance owing on the mortgage as $405,487.34. Therefore, Mr. Deems's interest with respect to the mortgage liability was $203,000. None of these numbers are in dispute.
 {¶ 3} On January 30, 2001, Mr. Deems's last will and testament ("the will"), was admitted into probate. Item II of the will provides:
 If my spouse, Dorothy R. Deems, survives me, I give and devise to my spouse, absolutely and in fee simple, all my interest in any real property, condominium, cooperative, or similar residential property occupied by us as a principal or seasonal residence, subject to any mortgage or other lien thereon at my death. If my spouse fails to survive me, this devise shall lapse and such property shall pass as part of the residue of my estate.
 {¶ 4} On March 15, 2002, appellant filed an Ohio tax return ("the return"), which listed the residential property as an undivided interest value at $240,000 on a Schedule A. Appellant claimed a $203,000 mortgage deduction on a Schedule J, and a $240,000 marital deduction on a Schedule M; both with respect to the residential property. The Tax Commissioner reviewed the return and disagreed with appellant's valuation of Mr. Deems's interest in the residential property that passed to Mrs. Deems and was listed on the Schedule M. The Tax Commissioner stated appellant should have taken the net value of the residential property, i.e., $37,000, as a marital deduction instead of the whole $240,000 appraised value. Consequently, on June 25, 2004, pursuant to R.C. 5731.26, the Tax Commissioner issued a deficiency assessment in the amount of $12,515.50, plus interest, from September 16, 2001. *Page 3 
 {¶ 5} Appellant filed exceptions to the determination of the Tax Commissioner. After an evidentiary hearing, a magistrate ruled the marital deduction on the Schedule M was limited to the value of the residential property less the mortgage deduction taken on the Schedule J. Appellant filed objections to the magistrate's decision on December 6, 2004. On February 22, 2005, the trial court held a hearing on appellant's objections. On December 31, 2007, the trial court issued a decision overruling appellant's objections and adopting the magistrate's findings of fact and conclusions of law.
 {¶ 6} This appeal followed, and appellant brings a single assignment of error for our review:
 THE PROBATE COURT ERRED BY ADOPTING AND APPROVING THE MAGISTATE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, ENTERING JUDGMENT SUSTAINING THE TAX COMMISSIONER'S CERTIFICATE OF DETERMINATION OF OHIO ESTATE OR ADDITIONAL TAX, AND FINDING THAT THERE WAS A DEFICIENCY IN ESTATE TAX DUE FROM THE ESTATE OF RAY K. DEEMS IN THE AMOUNT OF $12,515.50, PLUS INTEREST FROM SEPTEMBER 16, 2001.
 {¶ 7} At issue is the marital deduction provided for in R.C. 5731.15, which states, in relevant part:
 For purposes of the tax levied by section 5731.02
of the Revised Code, the value of the taxable estate shall be determined by deducting from the value of the gross estate:
 (A) If the decedent dies on or after July 1, 1993 and is survived by a spouse, a marital deduction which shall be allowed in an amount equal to the value of any interest in property that passes or has passed from the decedent to the surviving spouse, but only to the extent the interest is included in the value of the gross estate. For purposes of the marital deduction, an interest in property shall be considered as passing or as having passed from the decedent to the surviving spouse only if one or more of the following apply: *Page 4 
 (1) The interest was bequeathed or devised to the surviving spouse in the will of the decedent[.]
 {¶ 8} In summary, the dispute here concerns the determination of the value of property passing from the decedent to the surviving spouse. Appellee contends, and the trial court found, "the value of any interest in property that passes," as used in R.C. 5731.15(A), means the value in excess of the debt, or in other words $240,000 less the $203,000. In contrast, appellant contends there is no authority for this "net value" interpretation, and such interpretation is "irresponsible and reckless." (Appellant's Brief at 14.) Admittedly, there is no definition in the statute, or case precedent for us to apply to resolve this precise issue. There are, however, areas from which we can obtain guidance.
 {¶ 9} It is well-settled that "when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply the rules of statutory interpretation." State ex rel.Jones v. Conrad (2001), 92 Ohio St.3d 389, 392. We agree with appellee that the statute at issue here is not ambiguous. R.C. 5731.15(A) allows a spouse to deduct the value of any interest in property that passes from the decedent to the surviving spouse. To determine what the "value" is, we first look to the portion of the will that concerns the devise of the property at issue. As mentioned previously, said portion of the will, Item II, provides for Mr. Deems's spouse to receive all of his interest in the residential property, subject to any mortgage or other lien.[1] Thus, the intent was for Mrs. Deems to receive the property, subject to the outstanding mortgage. *Page 5 In re Estate of Hart (1965), 3 Ohio App.2d 129 (the property which passed to the beneficiary by virtue of the will is that which is excess of the debt). As a result, we agree with the Tax Commissioner's assessment that the marital deduction for the residential property listed on the Schedule M is the value of the property less the debt.
 {¶ 10} To the extent the statute is said to be ambiguous, we nonetheless reach the same conclusion. When construing a statute, "`such a construction should be adopted which permits the statute and its various parts to be construed as a whole and gives effect to the paramount object to be attained.'" Gulf Oil Corp. v. Kosydar (1975),44 Ohio St.2d 208, 217, quoting Humphrys v. Winous Co. (1956),165 Ohio St. 45, 49. "It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, to so construe a statute as to avoid unreasonable or absurd consequences." Id., citing Canton v. Imperial Bowling Lanes, Inc. (1968),16 Ohio St.2d 47, 53. The following table shows the distinction between the two calculations:

 Estate's
 Return Tax
 Commissioner's
 Calculation
Value of Residence
Schedule A $240,000 $240,000
Mortgage Deduction
Schedule J $203,000 $203,000
Marital Deduction
Schedule M $240,000 $37,000
Total Deductions $443,000 $240,000

 {¶ 11} As the table above demonstrates, if appellant's interpretation were followed, appellant would be entitled to a total tax deduction of $443,000, relating to a property interest of only $240,000, of which only a net value of $37,000 passed at Mr. Deems's *Page 6 
death. As the trial court held, such a result constitutes a gross inequity, and we cannot interpret the statute in a manner which leads to such anomalous results.
 {¶ 12} For the foregoing reasons, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.
Judgment affirmed.
FRENCH and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant has argued Item VII of the will and various portions of the trust control here. Those provisions, however, do not address the value of the residential property passing to Mrs. Deems. Rather, those provisions require all requisite taxes and costs to be paid out of the estate. Thus, we find Item II of the will to be applicable. *Page 1