SCHISLER, CITY SOLICITOR, ET AL., APPELLANTS, *v.*
CLAUSING ET AL., APPELLEES.

(No. 80-1436—Decided June 10, 1981.)

346

*Mr. Richard Schisler,* city solicitor, *Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee* and *Mr. Rankin M. Gibson,* for appellants.

*Wolery & Wolery Co., L.P.A., Mr. John J. Wolery, Messrs. Sanford, Fisher, Fahey, Boyland & Schwarzwalder* and *Mr. Richard P. Fahey,* for appellees.

*Per Curiam.* We are asked to choose between two seemingly conflicting provisions in the Portsmouth City Charter. Section 9, which sets forth the general provisions governing council voting procedure, was first enacted in 1928, and provides:

"A majority of the members elected to the Council shall constitute a quorum to do business, but a less number may adjourn from time to time and compel the attendance of absent members in such manner and under such penalties as may be prescribed by ordinance. The affirmative vote of a majority of the members elected to the Council shall be necessary to adopt any ordinance, resolution, order or vote; except that in the absence of a quorum a vote to adjourn, or regarding the attendance of absent members, may be adopted by a majority of the members present. No member shall be excused from voting except on matters involving the consideration of his own official conduct or when his family or financial interests are involved."

Section 3, which deals specifically with the filling of vacancies on council, was amended in 1952, and now provides in pertinent part:

"***If a vacancy occurs in the Council, except as the result of a recall election, some eligible person shall be chosen within thirty (30) days by a majority vote of the remaining members of Council to fill the unexpired term.***"

It appears, then, that under Section 9, for most matters before council, the presence of four councilmen is necessary to

constitute a quorum to "do business." However, when a vacancy on council occurs, Section 3 of the charter authorizes filling it by a majority of the remaining members of council; in this case, three constituted the majority necessary to fill one vacancy.

Since Section 9, the general provision, conflicts with Section 3, the specific provision in filling vacancies on council, we apply the well-established rule of construction that specific provisions prevail over general provisions. R. C. 1.51; *State, ex rel. Myers, v. Chiramonte* (1976), 46 Ohio St. 2d 230, paragraph one of the syllabus. Accordingly, we hold that the council acted properly in filling the vacancy on council with a majority of the councilmen remaining qualified present. Since the action taken at the first meeting was proper, council's decision to appoint counsel to represent them, and to relieve the city manager of his duties,* was made with a duly constituted quorum present, as required by Section 9 of the city charter.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

* The injunction with respect to the suspension and termination of the services of the city manager was not appealed to this court.