THE STATE, EX REL. BELKNAP ET AL., APPELLANTS, *v.* LAVELLE,
CHAIRMAN, STATE PERSONNEL BD. OF REVIEW, ET AL., APPELLEES.

[Cite as State, ex rel. Belknap, *v.* Lavelle
(1985), 18 Ohio St. 3d 180.]

(No. 84-357—Decided July 17, 1985.)

*Lyman & Brooks, Walter G. Brooks, John J. Gideon* and *Jack W. Decker,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Lisa E. Pizza* and *Jeffrey J. Jurca,* for appellees.

*Per Curiam.* For a writ of mandamus to issue in this case, we must find that relators-appellants have a clear legal right to the relief they seek, that the respondents-appellees are under a clear legal duty to perform the requested act, and that relators-appellants have no plain and adequate remedy at law. *State, ex rel. Hanley,* v. *Roberts* (1985), 17 Ohio St. 3d 1, 8.

The analysis with respect to the question of jurisdiction in this case is made difficult because it is necessarily tied to the ultimate merit question. R.C. 124.03(A) confers upon the State Personnel Board of Review the

responsibility to "[h]ear appeals * * * of employees in the classified * * * service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay * * *."[1]

In the present case, the board concluded that appellants had suffered no pay reduction and consequently the board had no jurisdiction to hear their appeal. That result is correct for the reasons which follow.

Regarding hospitalization insurance for county employees, R.C. 305.171(A) provides: "The board of county commissioners of any county *may* contract, purchase, or otherwise procure and pay *all or any part of the cost* of group insurance policies that may provide benefits including, but not limited to hospitalization, surgical care, major medical care, disability, dental care, eye care, medical care, hearing aids, or prescription drugs * * *." (Emphasis added.) Two points are evident from the terms of this statute. First, the commissioners are not required to provide health insurance; second, if they do, they have the option of paying only a portion of the premium. It is obvious, from the plain language of this statute, that the board of county commissioners is under no obligation to pay the whole premium for health insurance of county employees.

In view of the foregoing, a vexing problem appears. If the State Personnel Board of Review would be obliged to take jurisdiction and would find for the appellants, the board of review would then be placed in a position to prevent the county commissioners from doing what the statute explicity says they have a right to do, namely, to pay only a portion of health insurance premiums. Since the organization and powers of counties emanate from the General Assembly, Section 1, Article X of the Ohio Constitution, and not from the State Personnel Board of Review, such a proposition is entirely untenable.

"In determining the intention of the General Assembly as to the meaning and operation of statutes, a court, if possible, should avoid absurd and grotesque results." *State* v. *Nickles* (1953), 159 Ohio St. 353 [50 O.O. 322], paragraph one of the syllabus. "The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O.2d 327], paragraph four of the

---

[1] " 'Appointing authority' means the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution." R.C. 124.01(D). R.C. 329.02 provides that the county welfare director *"with the approval of the board of county commissioners,* shall appoint all necessary assistants, superintendents of institutions under the jurisdiction of the department, and all other employees of the department * * *." (Emphasis added.) It is clear from this provision that the county welfare director cannot hire anyone without the county commissioners' approval. The assent of the commissioners is essential for employment in the welfare department. The statute therefore operates to place the county commissioners within the definition of an "appointing authority."

syllabus; *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367 [41 O.O. 396], paragraph one of the syllabus. Thus, the statutes cannot be interpreted to allow the board of review to rescind a county commissioners' decision made pursuant to statute to pay only a portion of county employees' health insurance premiums.

On the contrary, the legislature recognized, as we do, that the officials statutorily designated to deal with the economics of government are generally best equipped to make determinations as to financial matters. This is particularly true in local governments where conditions are so remote from the notice and knowledge of state agencies such as the State Personnel Board of Review. The enactment of R.C. 305.171 shows that the legislature never intended that the board of review be permitted to substitute its judgment for that of the county commissioners with respect to health insurance matters.

Moreover, R.C. 305.171, as a specific statute pertaining to the powers of county commissioners, controls over statutes granting jurisdiction to the State Personnel Board of Review. It is a well-established rule of construction that specific provisions prevail over general provisions. *Schisler* v. *Clausing* (1981), 66 Ohio St. 2d 345, 347 [20 O.O.3d 316]; R.C. 1.51.

Appellants, then, have failed to satisfy the first criterion for mandamus. There is no "clear legal right" to have the State Personnel Board of Review act outside the realm of its authority. The board of review was without jurisdiction to entertain the appeal, and the court of appeals properly so held. The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., concurs in judgment only.