VILLAGE CONDOMINIUMS OWNERS ASSOCIATION, APPELLANT, *v.* MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Village Condominiums Owners Assn. v. Montgomery Cty. Bd. of Revision,* 106 Ohio St.3d 223, 2005-Ohio-4631.]

(No. 2004–1198—Submitted April 26, 2005—Decided September 21, 2005.)

O'DONNELL, J.

{¶ 1} The issue presented for review on this appeal is whether a condominium owners' association is the proper party to contest a county auditor's tax assessment for the common areas of a condominium.

{¶ 2} The Village Condominiums Owners Association ("VCOA") is a nonprofit corporation composed of the 31 condominium unit owners of Village Condominiums in the city of Vandalia, a suburban community approximately ten miles north of Dayton. The Declaration of Condominium Ownership states that VCOA was "organized to administer the Condominium Property in all respects, as provided in the Declaration and By–Laws." Those documents identify the association's duties as managing, maintaining, repairing, and replacing the property's common areas and facilities; paying for utility and personnel services; and purchasing and maintaining fire, liability, workers' compensation, and extended coverage insurance.

{¶ 3} Although the record before us does not contain a deed evidencing ownership of the common area of the condominium, the Montgomery County Auditor's property records show the common area as parcel number B02–013–03–0001, owned by Sonnenberg Construction Company. The Declaration of Condominium Ownership, however, reflects a transfer of ownership of the common area to the 31 individual unit owners as tenants in common, with each owning an undivided percentage interest in the entire common area based on the size of the owner's unit. Additionally, the declaration states that the unit owners are individually responsible for the real estate tax on their individual units together with their percentage interest in the common areas. Nothing in the record before us establishes VCOA as owner of the common areas.

{¶ 4} The procedural history of this case reveals that after the auditor determined the taxable value of the common area to be $16,510 for tax year 2001, VCOA filed a complaint with the Montgomery County Board of Revision contesting that valuation. Although the board of revision granted VCOA a reduction in the taxable value from $16,510 to $8,540, VCOA appealed to the Board of Tax Appeals ("BTA"), arguing that the common areas should have had a tax value of zero because that property had already been taxed in full to each of the 31 unit owners who individually own an undivided interest in the entire common area in proportion to the size of their individual condominiums. The BTA determined that because "[t]here is no evidence that VCOA holds legal title" to property in the county, it lacked standing to file a property-valuation complaint. The court of appeals affirmed the BTA's decision for the same reason.

{¶ 5} VCOA appealed, and we accepted the case for discretionary review of the issue whether a condominium owners' association has standing to contest the tax valuation of real estate that it does not own. VCOA contends that because it is a "person owning property in the county" within the meaning of R.C. 5715.19(A)(1) and because it is a "party affected" within the meaning of R.C. 5715.13, it has standing to file a property-valuation complaint. Alternatively, VCOA asserts that it has standing pursuant to R.C. 5311.20, which permits condominium associations to sue or be sued in actions relating to common areas. For the reasons that follow, we disagree and affirm the decision of the court of appeals.

{¶ 6} VCOA asserts that it has standing to file a real-property-valuation complaint based on its status as an owner pursuant to R.C. 5715.19(A)(1) and its claim that it is a "party affected" within the meaning of R.C. 5715.13. As this court noted in *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 402, 692 N.E.2d 148, "[t]he two statutes of primary importance when considering the standing of a party to file a complaint for a decrease in valuation with a board of revision are R.C. 5715.19 and 5715.13." Because the owner of a parcel of property is in the best position to contest that property's tax valuation,

to have standing, a complainant must first demonstrate that pursuant to R.C. 5715.19(A)(1), he or she is a "person owning taxable real property in the county."[1] *Soc. Natl. Bank*, 81 Ohio St.3d at 404, 692 N.E.2d 148. If the complainant satisfies this "threshold standing requirement," a court will then consider whether he or she meets the requirements of R.C. 5715.13, which provides, "The county board of revision shall not decrease any valuation unless a party affected thereby or who is authorized to file a complaint under section 5715.19 of the Revised Code makes and files with the board a written application * * *." Id.

{¶ 7} In accordance with the first part of the *Soc. Natl. Bank* test, therefore, to establish standing, VCOA must first demonstrate that it is a person owning taxable real property in Montgomery County. The law is well settled regarding ownership of the common areas of a condominium. R.C. 5311.04(A) specifies, "The common [areas and facilities] of a condominium property *are owned by the unit owners as tenants in common,* and the ownership shall remain undivided." (Emphasis added.) See, also, R.C. 5311.25(C) ("The owners of condominium ownership interests that have been sold by the developer * * * shall assume control of the common [areas] and of the unit owners association * * *"). With respect to the taxation of these common areas, R.C. 5311.11 specifies, "Each unit of a condominium property and the undivided interest in the common [areas] * * * is deemed a separate parcel for all purposes of taxation and assessment of real property, and no other unit or other part of the condominium property shall be charged with the payment of those taxes and assessments."

{¶ 8} The county auditor's property records and the declaration do not clearly establish whether Sonnenberg Construction Company or the individual unit owners own the common areas. That uncertainty, however, is irrelevant here, since it is VCOA, not Sonnenberg or the individual unit owners, that filed the property-valuation complaint with the board of revision. And, as explained above, VCOA cannot establish ownership over the common areas. Indeed, Robert E. Kmiecik, counsel for VCOA, conceded as much at the BTA hearing by stating, "[VCOA] is a condominium [and condominiums] aren't in the business of owning real estate. Condominiums don't own any real estate. The owners own their undivided shares." As the BTA indicated, VCOA, after acknowledging that it does not own the common areas, could claim, at most, an equitable interest in the common area, but as this court held in *Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision* (1999), 86 Ohio St.3d 181, 183, 712 N.E.2d 751, "the owner of an equitable interest in real property does not have standing to file a complaint."

---

1. This statute also authorizes others to file a complaint, but our concern here is whether VCOA is a "person owning taxable real property in the county."

{¶ 9} After reviewing the county auditor's property records, the declaration, R.C. Chapter 5311, and the statements of VCOA's counsel, we conclude that nothing in the record demonstrates that VCOA owns taxable real property in Montgomery County. Accordingly, VCOA does not have standing to file a real-property-valuation complaint pursuant to R.C. 5715.19(A)(1). And because VCOA cannot satisfy the first part of the *Soc. Natl. Bank* test, we do not reach the issue whether it is a "party affected" pursuant to R.C. 5715.13. See *Soc. Natl. Bank*, 81 Ohio St.3d at 404, 692 N.E.2d 148, in which we noted that since the complainant in that case "failed to show that it [had] met the threshold standing requirement of R.C. 5715.19(A)(1), * * * [we did not need to] consider whether [it] met the requirements of R.C. 5715.13."

{¶ 10} We also reject VCOA's assertion that R.C. 5311.20 permits the association to contest the valuation of the condominium's common areas. This court has often noted that "[i]t is a well-established rule of construction that specific provisions prevail over general provisions." *State ex rel. Belknap v. Lavelle* (1985), 18 Ohio St.3d 180, 182, 18 OBR 248, 480 N.E.2d 758, citing *Schisler v. Clausing* (1981), 66 Ohio St.2d 345, 347, 20 O.O.3d 316, 421 N.E.2d 1291. See, also, R.C. 1.51, which provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision * * *." Thus, although R.C. 5311.20 generally allows a condominium association to "sue or be sued as a separate legal entity" "[i]n any action relating to the common [areas]," that provision does not negate R.C. 5715.19(A)(1)'s specific requirement that only specified persons, including a "person owning taxable real property," may contest a real-property assessment. Thus, the general provision found in R.C. 5311.20 does not provide VCOA with standing to contest the county auditor's valuation of the condominium's common areas.

{¶ 11} For the foregoing reasons, the BTA properly dismissed VCOA's real-property-valuation complaint for lack of standing, and, accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON and LANZINGER, JJ., dissent.

———————

LUNDBERG STRATTON, **J., dissenting.**

{¶ 12} Because I believe that the General Assembly intended condominium owners' associations to have standing under R.C. 5715.19 to challenge the

valuation of common areas of a condominium property for taxation purposes, I respectfully dissent.

{¶ 13} The property subject to taxation in this case is the common areas of the Village Condominiums Owners Association ("VCOA"). According to the declarations, the "common areas and facilities" include "[t]he entire land and improvements thereon *not included with a Unit.*" (Emphasis added.) The auditor sought to tax the common areas of the VCOA. VCOA filed a complaint alleging that the common area is not taxable because it has no separate market value. The BTA held that the VCOA has no standing to challenge the valuation of the common areas.

{¶ 14} The majority's holding is premised upon its understanding that under R.C. 5715.19, VCOA can have standing only if it is the titled owner of the property. But R.C. 5715.19 has no such limitation. In fact, in addition to property owners, R.C. 5715.19 also permits, under certain circumstances, accountants, real estate appraisers, a board of education, a board of township trustees, or even a prosecuting attorney to file a complaint contesting property value. Some of these parties act as the owner's agent.

{¶ 15} The common areas of a condominium property "are owned by the unit owners as tenants in common, and the ownership shall remain undivided." R.C. 5311.04(A). The common areas are administered by the owners' association. R.C. 5311.08(A). Therefore, it is entirely reasonable to believe that an owners' association is the proper entity to represent individual unit owners regarding the valuation of the common areas. If the condominium owners' association has an obligation to maintain the common areas, which would include any obligation to pay separately assessed real estate taxes and the expenses of the common area, why would it not have the authority to challenge these assessments?

{¶ 16} The owners' association has authority to sue as a separate legal entity "[i]n any action relating to the common areas and facilities." Former R.C. 5311.20, 130 Ohio Laws 1261 (the current statute substitutes "common elements" for "common areas and facilities"). Nowhere in R.C. 5311.20 does the statute state "except for tax assessments." Further, "[p]ursuant to R.C. 5311.20, the unit owners association, on behalf of all unit owners and for each of them, is the proper party to bring an action for damages pertaining to the common areas sustained by any or all of the unit owners." *Stony Ridge Hill Condominium Owners Assn. v. Auerbach* (1979), 64 Ohio App.2d 40, 18 O.O.3d 26, 410 N.E.2d 782, paragraph two of the syllabus; see, also, *Gardens of Bay Landing Condominiums v. Flair Builders, Inc.* (1994), 96 Ohio App.3d 353, 645 N.E.2d 82.

{¶ 17} R.C. 1.51 provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local

provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." To that end, I would note that R.C. 5715.13 was amended since our decision in *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 692 N.E.2d 148. R.C. 5715.13 states: "The county board of revision shall not decrease any valuation unless a party affected thereby or who is authorized to file a complaint under section 5715.19 of the Revised Code makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made." Therefore, I believe that as a party affected, the owners' association would be a proper party to challenge the valuation of the common areas for tax purposes.

{¶ 18} The property at issue consists solely of the condominium common areas, which are held by the individual unit owners as tenants in common, each with an undivided percentage interest, and whose titled ownership interests in the common areas are collectively represented by the association. The 31 unit owners each pay tax on the common area in proportion to the size of their condominium units when they pay their property taxes. The majority's interpretation leads to an additional assessment, i.e., double taxation.

{¶ 19} Finally, it is logical to conclude that the owners' association has standing to challenge the valuation of common areas because if the owners' association does not file such a complaint, then it is left to the individual unit owners. Aside from being onerous, requiring individual unit owners to file individual complaints regarding the common areas could lead to inconsistent results. While a condominium owners' association as an entity does not own property, it is composed of the owners of the individual units and is authorized to represent the unit owners regarding any legal action pertaining to the common areas.

{¶ 20} Here there are only 31 condominium owners. But in other cases, there could be hundreds of owners. Requiring each individual owner to challenge the valuation of his or her small percentage of the common area valuation would mean that in some cases individuals would have to file separate complaints over small sums, essentially prohibiting a challenge. Permitting owners' associations to challenge the valuation of common areas, which is what I believe the General Assembly intended, alleviates the potential problem.

{¶ 21} For the reasons stated above, I believe that the General Assembly intended that a condominium owners' association has standing under R.C. 5715.19 to file a complaint challenging the value of the common areas of a condominium property. I invite the General Assembly to amend that provision accordingly if that is indeed its intent. Thus, I respectfully dissent.

LANZINGER, J., concurs in the foregoing dissenting opinion.

Kaman & Cusimano and Robert E. Kmiecik, for appellant.