OPINION
{¶ 1} This is an appeal from a judgment of the Franklin County Court of Common Pleas, in which that court sentenced defendant-appellant, Jose Pena, to an aggregate prison term of 20 years. For the following reasons, we affirm.
 {¶ 2} Appellant was convicted by a jury of one count of trafficking in cocaine, in violation of R.C. 2925.03, a felony of the first degree, and one count of possession of cocaine, in violation of R.C. 2925.11, also a felony of the first degree. Both counts carried specifications that the amount of cocaine involved equaled or exceeded 1,000 grams, and that appellant was a major drug offender, pursuant to R.C. 2941.1410. Following sentencing, appellant appealed his convictions and sentence.
 {¶ 3} In State v. Pena, 10th Dist. No. 03AP-174, 2004-Ohio-350, this court affirmed appellant's convictions, but determined that the trial court had failed to adequately explain its findings and reasons for imposing maximum and consecutive sentences. On December 15, 2004, the trial court held a new sentencing hearing. The court imposed ten years on the trafficking count and ten years on the possession count, to be served concurrently to one another. The court determined that appellant is a major drug offender and imposed an additional ten years on that specification for each count, to be served concurrently with each other and consecutively with the terms imposed for the trafficking and possession convictions. Thus, the aggregate sentence imposed is 20 years.
 {¶ 4} Appellant timely appealed, and presents the following two assignments of error for our review:
ASSIGNMENT OF ERROR NUMBER ONE
THE TRIAL COURT ERRED WHEN IT FOUND THAT THE DEFENDANT WAS A MAJOR DRUG OFFENDER AND FURTHER ERRED BY IMPOSING A TEN-YEAR SENTENCE OF IMPRISONMENT ON THIS FINDING WHEN SUCH A FINDING MUST BE MADE BY A JURY.
ASSIGNMENT OF ERROR NUMBER TWO
THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE CONTRARY TO LAW ON THE DEFENDANT AS A MAJOR DRUG OFFENDER.
 {¶ 5} We note initially, and appellant concedes, that he did not raise below any of the arguments he now raises in support of his assignments of error. "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Glaros (1960), 170 Ohio St. 471, 11 O.O.2d 215, 166 N.E.2d 379, paragraph one of the syllabus. Likewise, "[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time." State v. Childs (1968),14 Ohio St.2d 56, 62, 43 O.O.2d 119, 236 N.E.2d 545, citing State v.Davis (1964), 1 Ohio St.2d 28, 30 O.O.2d 16, 203 N.E.2d 357. Accordingly, "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." State v. Awan (1986),22 Ohio St.3d 120, 122, 22 OBR 199, 489 N.E.2d 277. Thus, a criminal defendant may not raise constitutional errors on appeal unless the errors are specifically found to have been raised below. Columbus v. Rogers
(1975), 41 Ohio St.2d 161, 162, 70 O.O.2d 308, 324 N.E.2d 563.
 {¶ 6} However, appellant argues that the errors he assigns are cognizable as plain error. Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "An alleged error is plain error only if the error is `obvious,' State v. Barnes (2002), 94 Ohio St.3d 21,27, 2002-Ohio-68, 759 N.E.2d 1240, and `but for the error, the outcome of the trial clearly would have been otherwise.' State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus." Statev. Sapp, 105 Ohio St.3d 104, 2004-Ohio-7008, 822 N.E.2d 1239, ¶ 97.
 {¶ 7} "Crim.R. 52(B) does not demand that an appellate court correct it. Crim.R. 52(B) states only that a reviewing court `may' notice plain forfeited errors; a court is not obliged to correct them." Barnes,
supra, at 27. Thus, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Henderson, 10th Dist. No. 04AP-1212, 2005-Ohio-4970, ¶ 31, citing Long, supra, at paragraph three of the syllabus.
 {¶ 8} We will address both of appellant's assignments of error together because appellant's arguments raise interrelated issues supporting both assignments of error. We will address each argument, in turn, under the foregoing plain-error standards.
 {¶ 9} First, appellant argues that the trial court's determination that he is a major drug offender deprived him of his right to a trial by jury, guaranteed by the Sixth Amendment to the United States Constitution. He relies on the case of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 10} In the earlier case of Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, the United States Supreme Court held, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The court in Blakely held, "the `statutory maximum' for Apprendi
purposes is the maximum sentence a judge may impose solely on the basis ofthe facts reflected in the jury verdict or admitted by the defendant."Blakely, supra, at 303. (Emphasis sic.) The court went on to explain, "[i]n other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id. at 303-304. (Emphasis sic.)
 {¶ 11} In the present case, appellant argues that the trial judge exceeded his constitutional authority and usurped the role of the factfinder when he found appellant to be a major drug offender, because the finding was judge-made and allowed the penalty to exceed that authorized by the jury's verdict, which is the "statutory maximum" forApprendi purposes.
 {¶ 12} This court rejected the same Apprendi-based argument in the case of State v. Elkins, 148 Ohio App.3d 370, 2002-Ohio-2914,773 N.E.2d 593. In that case, the defendant had been convicted of multiple counts, including drug possession with a major drug offender specification. On appeal, the defendant argued that his rights to trial by jury and to due process of law had been violated because the court, not the jury, made the finding that he was a major drug offender. In rejecting that argument, this court explained:
The facts of this case are distinguishable from Apprendi. Here, defendant's conviction was based on a jury verdict, not a plea arrangement. Count 18 of the indictment included a major drug offender specification with a factual allegation that defendant possessed Oxycodone, a Schedule II controlled substance, in an amount that was at least one hundred times the amount necessary to commit a third degree felony. The jury's verdict found defendant guilty of aggravated possession of Oxycodone in an amount equal to or exceeding one hundred times the bulk amount as charged in the indictment. Unlike Apprendi, the jury, not the court, determined defendant possessed a Schedule II controlled substance in an amount equal to or exceeding one hundred times the bulk amount beyond a reasonable doubt.
As a result of the jury's factual conclusion, the defendant was by statutory definition a major drug offender under R.C. 2925.11(C)(1)(e), mandating the imposition of the maximum penalty for a first degree felony and triggering defendant's classification as a major drug offender. Defendant's classification as a major drug offender, in turn, vested the trial court with the discretion to impose an additional prison term upon specific findings concerning recidivism and the seriousness of his conduct. See R.C. 2925.11(C)(1)(e).
Thus, the jury's verdict finding defendant guilty of Oxycodone possession in more than one hundred times bulk amount, not the trial court's determination, rendered defendant a major drug offender pursuant to the statutory scheme set forth in R.C. 2925.11(C)(1)(e). Moreover, the finding requisite to the imposition of the additional term of incarceration, that defendant was a major drug offender, did not expose defendant to a greater punishment than that statutorily authorized by the jury's guilty verdict.
Id. at ¶ 14-16.
 {¶ 13} Appellant, too, was convicted after a jury rendered a verdict finding him guilty, beyond a reasonable doubt, of possessing and of trafficking in cocaine in an amount equal to or exceeding 1,000 grams. As a result of these factual findings made by the jury, appellant was, by statutory mandate, a major drug offender. See R.C. 2925.11(C)(4)(f)[1]
and 2925.03(C)(4)(g).[2] Because appellant was statutorily classified as a major drug offender, he became automatically subject to the imposition of a mandatory maximum penalty, and the trial court became automatically vested with the discretion to impose an additional prison term after considering seriousness and recidivism factors traditionally within the province of judges. See id. See, also, R.C. 2929.14(D)(3)(b).[3]
 {¶ 14} Appellant argues that Elkins does not put to rest the question whether he was unconstitutionally deprived of his right to a jury determination regarding his status as a major drug offender. Specifically, appellant argues that, though he was convicted of the principal offenses of drug possession and trafficking, the evidence adduced at trial demonstrated that he was an accomplice and never physically possessed and controlled the cocaine himself. He points out that the jury was instructed on complicity, so it is plausible that they convicted him on this theory.[4]
 {¶ 15} Appellant contends that, under the statutory definition of "major drug offender" found in R.C. 2929.01(X), one who has been convicted of drug possession or trafficking on a complicity theory cannot be found to be a major drug offender. He contends that "[t]here is no provision for finding anyone to be a major drug offender who is merely guilty of complicity." (Brief of appellant, 10.)
 {¶ 16} In support of this proposition, appellant directs our attention to the case of State v. Hanning (2000), 89 Ohio St.3d 86, 728 N.E.2d 1059, in which the Supreme Court of Ohio held that a juvenile cannot be automatically bound over for trial as an adult for using a gun while committing certain acts when complicity is the theory used in charging the principal offense. That is, the juvenile must have actually possessed, brandished or used the gun; the state cannot rely solely upon the juvenile's accomplice having done so.
 {¶ 17} Hanning is inapplicable to the present case. The court inHanning made it abundantly clear that it was relying upon the plain language of the juvenile bindover statute, which specified that it is the juvenile defendant having personally possessed, brandished or used the firearm — not simply the state having charged the juvenile with the principal offense — that triggers the mandatory bindover provision. There is no similar language contained within R.C. 2941.1410.[5]
 {¶ 18} The Hanning court also emphasized that, to apply the complicity concept of R.C. 2929.23 to mandatory bindover proceedings would be contrary to the intent of the General Assembly. The court said:
* * * we cannot find that it was the intent of the General Assembly to attribute the actions of adult offenders to juveniles when making determinations regarding binding juveniles over to adult court. Adultsare presumed to be responsible for their actions and are presumed to havethe ability to think for themselves and make their own decisionsindependently of any accomplices, so it is reasonable to hold adultco-defendants accountable for an accomplice's actions. But children are easily influenced and persuaded by adults. To require bindover for a child based on an adult accomplice's decision to use a firearm through application of the complicity statute runs contrary not only to the doctrine of parens patriae, upon which the General Assembly built the juvenile criminal justice system, but to common sense.
Id. at 93. (Emphasis added.) We perceive no legislative intent to exclude from the application of Ohio's major drug offender statute those adult offenders convicted on a theory of complicity. Thus, appellant could properly be found to be a major drug offender even though he was convicted of drug possession and drug trafficking as an accomplice and not a principal offender.
 {¶ 19} Appellant also argues that R.C. 2941.1410 is unconstitutional because it specifies that, "[t]he court shall determine the issue of whether an offender is a major drug offender." R.C. 2941.1410(B). Appellant argues that this language clearly violates the Apprendi andBlakely mandate that only a jury, not a judge, may make findings that fix the maximum penalty to which the defendant may be exposed. However, as we noted earlier, under R.C. 2925.11(C)(4)(f) and 2925.03(C)(4)(g), if an offender is determined to have possessed or trafficked in cocaine in an amount that equals or exceeds 1000 grams of cocaine (which fact is determined by a jury or admitted by the defendant as part of a guilty plea) the offender is, by statutory mandate, a major drug offender.
 {¶ 20} The apparent conflict between the major drug offender statute (which provides for a court determination) and the two foregoing provisions (which statutorily determine major drug offender status based upon jury verdicts) is easily resolved. The 123rd General Assembly amended all three statutes through the passage of Sub. S.B. 107, which became effective on March 23, 2000. An examination of the bill's text reveals that the language in R.C. 2941.1410(B), providing that the court makes determinations as to an offender's status as a major drug offender, was present in that statute prior to the S.B. 107 amendment. With the passage of S.B. 107, the legislature added the provisions in R.C. 2925.03 and2925.11 that classify an offender as a major drug offender if the offender possesses or traffics in specific quantities of drugs; at the same time, the bill added language that excepted those new statutory specifications from the general rule, already present in R.C. 2941.1410(A), that the major drug offender specification must be included within the charging instrument. Thus, it is clear that the language contained in R.C. 2941.1410 is older and is more general, and the language that mandates, under certain circumstances relating to the quantity of the drug possessed or trafficked, a finding that an offender is a major drug offender, was more recently enacted and is more specific.
 {¶ 21} "[I]t is a well-established rule of construction that specific provisions prevail over general provisions." State ex rel. Belknap v.Lavelle (1985), 18 Ohio St.3d 180, 182, 18 OBR 248, 480 N.E.2d 758, citing Schisler v. Clausing (1981), 66 Ohio St.2d 345, 347, 20 O.O.3d 316,421 N.E.2d 1291. See, also, R.C. 1.51, which provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision * * *."
 {¶ 22} Applying these rules to the language and legislative history of the statutes involved herein, it is clear that R.C. 2941.1410(B) is a general provision, and R.C. 2925.03(C)(4)(g) and 2925.11(C)(4)(f) are exceptions to that general provision; they mandate that an offender is a major drug offender if the drug involved in the possession or trafficking count is equal to or exceeds a particular amount, depending upon the identity of the drug. Thus, R.C. 2925.03(C)(4)(g) and 2925.11(C)(4)(f) control. See, also, State v. Elkins, 148 Ohio App.3d 370, 2002-Ohio-2914,773 N.E.2d 593, ¶ 19.
 {¶ 23} In appellant's case, the verdict forms reveal that the jury found beyond a reasonable doubt that the amount of cocaine involved in appellant's crimes of drug possession and drug trafficking was equal to or exceeded 1,000 grams. Thus, by statutory fiat, appellant was a major drug offender, subject to the additional penalties that the legislature has prescribed for such offenders. Accordingly, when the trial court found appellant to be a major drug offender, the court did not usurp the role of the jury or deprive appellant of his constitutional rights.
 {¶ 24} Appellant argues that the foregoing still does not end the inquiry into whether his constitutional rights were violated by application of the major drug offender statute. He argues that R.C. 2941.1410 is unconstitutional because a jury's finding as to the quantity of the substance involved does not always equate to a finding that an offender is a major drug offender.
 {¶ 25} By way of example, he asks us to consider the case of an individual who offers to sell 1,000 grams of a substance that he purports to be cocaine but that is actually baking soda. This individual could be convicted of trafficking in drugs, pursuant to R.C. 2925.03(A). State v.Scott (1982), 69 Ohio St.2d 439, 23 O.O.3d 390, 432 N.E.2d 798; Statev. Mughni (1987), 33 Ohio St.3d 65, 514 N.E.2d 870. In such a case a jury finding that the individual trafficked in a substance purporting to be a controlled substance in a specified amount would trigger the mandate in R.C. 2925.03(C)(4)(g) that the individual be sentenced as a major drug offender, yet the conduct upon which the conviction was based would not be sufficient to place the individual within the definition of major drug offender found in R.C. 2929.01(X) because that section requires that the substance involved actually be a (non-counterfeit) controlled substance.
 {¶ 26} Appellant's argument is a facial challenge to the constitutionality of R.C. 2941.1410 as used in conjunction with R.C.2925.03(A). "A facial challenge to a statute is the most difficult to bring successfully because the challenger must establish that there exists no set of circumstances under which the statute would be valid.United States v. Salerno (1987), 481 U.S. 739, 745, 107 S.Ct. 2095,95 L.Ed.2d 697. The fact that a statute might operate unconstitutionally under some plausible set of circumstances is insufficient to render it wholly invalid. Id." Harrold v. Collier, 2005-Ohio-5334, ¶ 37 (slip op.). Appellant has failed to discharge this heavy burden.
 {¶ 27} Appellant's challenge is unavailing because the application of the major drug offender statute was constitutional as applied toappellant's drug trafficking conviction. Appellant was convicted of trafficking in drugs (specifically, cocaine) and possession of drugs (also cocaine). Cocaine is a controlled substance. See R.C. 3719.41, Schedule II, (A)(4). All 12 jurors signed a separate verdict form for each count, which indicated that they found, beyond a reasonable doubt, that the amount of cocaine involved in each offense was equal to or exceeded 1,000 grams. Thus, appellant was a major drug offender under R.C. 2925.03(C)(4)(g) and 2929.01(X). When a jury finds beyond a reasonable doubt that a defendant trafficked in an actual controlled substance in the requisite amount under R.C. 2941.1410, such a finding supports classification of that defendant as a major drug offender. Because the jury made such findings beyond a reasonable doubt in appellant's case, and the major drug offender statute was thus constitutionally applied in his case, his facial constitutional challenge fails.
 {¶ 28} Next, appellant argues that he was denied his Sixth Amendment right to a trial by jury when the trial court, pursuant to R.C.2925.03(C)(4)(g) and 2925.11(C)(4)(f), imposed an additional prison term of ten years as to each count, after making findings that, according to appellant, can only be made by a jury.
 {¶ 29} As noted earlier, under R.C. 2925.03(C)(4)(g) and2925.11(C)(4)(f) the court may impose an additional prison term upon major drug offenders, pursuant to R.C. 2929.14(D)(3)(b). That division provides that a court may impose an additional term of one year to a maximum of ten years if the court makes both findings set forth in R.C.2929.14(D)(2)(b). Specifically, the court must find that the terms already imposed are inadequate to punish the offender and to protect the public from future crime, and are demeaning to the seriousness of the offense. R.C. 2929.14(D)(2)(b)(i) and (ii). In determining whether either finding is warranted, the trial court must weigh the applicable seriousness and recidivism factors contained in R.C. 2929.12. Id.
 {¶ 30} As the United States Supreme Court held in Harris v. UnitedStates (2002), 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524, "[j]udicial factfinding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments." Id. at 558. The court recently reaffirmed this principle in the case of United States v.Booker (2005), 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621. In Booker,
the court reaffirmed the syllabus of Apprendi but also held, "when a trial judge exercises his [or her] discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Ibid.
 {¶ 31} This court has previously explained:
As [the court in] Apprendi noted, `[there is] nothing * * * [that] suggests that it is impermissible for judges to exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment within the range.' Harris v. UnitedStates (2002), 536 U.S. 545, 565, 122 S. Ct. 2406, 153 L. Ed. 2d 524, quoting Apprendi, supra, at 481. (Emphasis sic.) So long as these "factors" do not elevate the defendant's punishment beyond the maximum supported by the jury's verdict or the defendant's guilty plea * * *, then they remain that which they have always been-penological considerations appropriately consigned to judges. They are not elements of a crime, which, of course, must be found by a jury beyond a reasonable doubt.
State v. Abdul-Mumin, 10th Dist. No. 04AP-485, 2005-Ohio-522, ¶ 17, discretionary appeal allowed, 106 Ohio St.3d 1411, 2005-Ohio-3154, 830 N.E.2d 344. In Abdul-Mumin, we went on to observe:
Seriousness and recidivism factors "have been the traditional domain of judges; they have not been alleged in the indictment or proved beyond a reasonable doubt." United States v. Harris (2002), 536 U.S. 545, 560,122 S.Ct. 2406, 153 L.Ed.2d 524. "Traditional sentencing factors often involve either characteristics of the offender, such as recidivism, or special features of the manner in which a basic crime was carried out (e.g., that the defendant abused a position of trust or brandished a gun)." Castillo v. United States (2000), 530 U.S. 120, 126, 120 S.Ct. 2090,147 L.Ed.2d 94. "There is no reason to believe that those who framed theFifth and Sixth Amendments would have thought of [serious and recidivism factors] as the elements of the crime." Harris, supra, at 560.
Id. at ¶ 28. (Footnote omitted.)
 {¶ 32} The trial court's weighing of seriousness and recidivism factors and, upon the conclusion thereof, its imposition of additional terms of imprisonment upon appellant, pursuant to R.C. 2929.14(D)(3)(b), did not usurp the traditional role of the jury as determiner of guilt and of the facts necessary to fix the upper limit of appellant's punishment. The trial judge simply weighed traditional sentencing factors and imposed an additional term as to each count that did not exceed the "statutory maximum" (for Apprendi purposes) that was authorized by the jury's verdict. Thus, this process did not violate appellant's right to a trial by jury.
 {¶ 33} In his final argument in support of his assignments of error, appellant argues that his conviction for trafficking in drugs cannot support his classification as a major drug offender because the statutory definition of "major drug offender" does not include the activities upon which the charge of trafficking in drugs was based. "Major drug offender" is defined as:
an offender who is convicted of or pleads guilty to the possession of,sale of, or offer to sell any drug, compound, mixture, preparation, or substance that consists of or contains at least one thousand grams of hashish; at least one hundred grams of crack cocaine; at least one thousand grams of cocaine that is not crack cocaine; at least two thousand five hundred unit doses or two hundred fifty grams of heroin; at least five thousand unit doses of L.S.D. or five hundred grams of L.S.D. in a liquid concentrate, liquid extract, or liquid distillate form; or at least one hundred times the amount of any other schedule I or II controlled substance other than marihuana [sic] that is necessary to commit a felony of the third degree pursuant to section 2925.03, 2925.04,2925.05, or 2925.11 of the Revised Code that is based on the possessionof, sale of, or offer to sell the controlled substance.
R.C. 2929.01(X). (Emphasis added.)
 {¶ 34} Appellant directs our attention to the fact that the indictment charged him with a violation of R.C. 2925.03(A)(2), which prohibits the preparation for shipment, shipment, preparation for distribution, distribution, transportation, and delivery of a controlled substance. He was not charged with a violation of subparagraph (A)(1), which prohibits the sale or offer to sell a controlled substance. Thus, his conviction for drug trafficking was not based on conduct that falls within the definition of "major drug offender" found in R.C. 2929.01(X), to wit: the possession, sale or offer to sell a drug. Appellant's argument identifies an apparent conflict between R.C. 2929.01(X), which limits the definition of "major drug offender" to those who engage in the activities of possession, selling or offering to sell certain quantities of drugs, and R.C. 2925.03(C)(4)(g), the mandatory language of which appears to expand the definition of "major drug offender" to include the multiple activities enumerated in R.C. 2925.03(A)(2). See fn. 2, supra.
 {¶ 35} We need not resolve this apparent conflict, however, because, regardless whether appellant was properly designated a major drug offender with respect to his drug trafficking conviction, the conduct upon which his drug possession conviction was based clearly falls within the definition of "major drug offender" found in R.C. 2929.01(X). Because the trial court imposed an additional prison term of ten years on the possession-related major drug offender specification, which is identical in length to the additional term imposed on the trafficking-related specification, appellant would serve a 20-year aggregate sentence even if the trafficking-related additional prison term had not been imposed. Therefore, this issue does not present an exceptional circumstance in which the plain error doctrine must be invoked in order to avoid a "manifest miscarriage of justice" affecting the outcome of the case,Henderson, supra. Accordingly, we decline to invoke the rule in this instance.
 {¶ 36} For all of the foregoing reasons, we find that no error occurred — plain or otherwise — when the court below declared appellant to be a major drug offender and sentenced him accordingly. The major drug offender classification and sentence did not violate appellant's constitutional rights and are not contrary to law. Accordingly, we overrule both of appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] R.C. 2925.11(C)(4)(f) provides, "If the drug involved in the violation is cocaine * * * [t]he penalty for the offense shall be determined as follows: * * * If the amount of the drug involved equals orexceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D) (3) (b) of section 2929.14 of the Revised Code." (Emphasis added.)
[2] R.C. 2925.03(C)(4)(g) provides, "If the drug involved in the violation is cocaine * * * [t]he penalty for the offense shall be determined as follows: * * * If the amount of the drug involved equals orexceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree,the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D) (3) (b) of section2929.14 of the Revised Code." (Emphasis added.)
[3] R.C. 2929.14(D)(3)(b) provides, "The court imposing a prison term on an offender * * * may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed * * * makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section." The findings set forth in R.C. 2929.14(D)(2)(b)(i) and (ii), are:
(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.
[4] We note that this court previously determined that appellee presented sufficient evidence at trial that appellant was guilty of complicity to possession of the cocaine in question. See State v. Pena,
10th Dist. No. 03AP-174, 2004-Ohio-350, ¶ 22.
[5] This issue is more appropriately analogized to the issue whether an unarmed adult accomplice is subject to the mandatory term of actual incarceration corresponding to his offense of conviction when he is convicted of a firearm specification. The Supreme Court of Ohio answered this question in the affirmative in State v. Chapman (1986),21 Ohio St.3d 41, 21 OBR 327, 487 N.E.2d 566, syllabus.