OPINION
{¶ 1} Appellant, Jose B. Pena, appeals from the judgment of the Franklin County Court of Common Pleas, again sentencing him upon his conviction as a major drug offender following remand from the Ohio Supreme Court directing that the common pleas court resentence appellant upon his conviction of one count of trafficking in *Page 2 
cocaine and one count of possession of cocaine with a finding that he is a major drug offender based upon possession of at least 1,000 grams of cocaine.
 {¶ 2} Appellant was convicted of these two counts and found to be a major drug offender at his trial in 2003, with two counts of complicity based upon the same alleged activity being dismissed later by the prosecution.
 {¶ 3} Appellant appealed to this court resulting in a judgment by this court in State v. Pena, Franklin App. No. 03AP-174, 2004-Ohio-350, overruling all but one of appellant's assignments of error, and remanding the case to the trial court for resentencing.
 {¶ 4} By the second assignment of error, which was sustained, appellant contended that the trial court failed to adequately explain the findings for sentencing appellant to maximum and consecutive prison terms as then required and the state conceded that the trial court did not make the then-required statutory findings. The case was remanded to the trial court with instructions to resentence appellant making the necessary required statutory findings.
 {¶ 5} On December 20, 2004, the trial court entered a judgment complying with the mandate of this court, imposed essentially the same sentence, but included a paragraph explaining the reason that the trial court imposed the maximum sentence of ten years for each of the two counts, which would run concurrently with each other, and an additional ten years for the major drug offender finding, which would run consecutive with Counts 1 and 2. *Page 3 
 {¶ 6} Appellant appealed to this court again resulting in a decision of this court on November 17, 2005, in State v. Pena, Franklin App. No. 05AP-41, 2005-Ohio-6103, affirming the judgment of the trial court sentencing appellant upon remand.
 {¶ 7} Appellant then appealed the judgment of this court to the Ohio Supreme Court resulting in a judgment entry of the Ohio Supreme Court inState v. Pena, Sup.Ct. No. 05-2432, entered May 3, 2006, stating:
 Upon consideration of the jurisdictional memoranda, the appeal is accepted as to Propositions of Law Nos. I and II, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for resentencing consistent with State v. Foster, [109] Ohio St.3d [1], 2006-Ohio-856, [845] N.E.2d [470].
 It is further ordered that a mandate be sent to the Court of Common Pleas for Franklin County to carry this judgment into execution; and that a copy of this entry be certified to the Clerk of the Court of Appeals for Franklin County for entry.
 {¶ 8} Upon this remand from the Supreme Court, the trial court sentenced appellant for the third time. In this judgment entry, the trial court first recited the prior sentence and noted the December 15, 2004 resentencing and findings. The court then stated that:
 On November 17, 2005 this sentence was appealed and this case was set for resentencing on June 1, 2006. The State of Ohio was represented by Prosecuting Attorney, Jeffrey Davis and the Defendant was represented by Attorney Sarah Beauchamp.
 The Court gave the following sentence: the Defendant shall serve 10 years for Count One and 10 years for Count Two with an additional 10 years on each because the Defendant has been found to be a major drug offender, to be served at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTION. Counts One and *Page 4 Two shall run concurrent with each other and the Major Drug Offender sentence shall run consecutive with Counts One and Two.
(Emphasis sic.)
 {¶ 9} The trial court did not again make the findings made on December 15, 2004, but made this sentence, which varies very slightly from the sentence imposed by the two prior entries by the insertion of the words "on each" to the imposition of the sentence for the major drug offender. The previous entries had contained instead a parenthetical statement that "([t]he Defendant is to receive 20 years on each count)." There did not appear to be any difference in this sentence, even though the phraseology is different.
 {¶ 10} Appellant has appealed to this court again from the latest sentencing entry and raises three assignments of error as follows:
 Assignment Of Error No. 1: The Trial Court Erred When Imposing Additional Twenty Year Sentence Enhancement Upon Appellant After Ohio Supreme Court Mandated Appellant Be Resentence Because The Major Drug Offender Statute Enhancement Phase Is Unconstitutional And Severed The Statues R.C. § 2929.14(D)(2)(b) And (D)(3)(b).
 Assignment Of Error No. 2: The Trial Court Erred When Sentencing Appellant To A Major Drug Offender Specification Once Statute To Enhance Sentence Has Been Severed Whereupon Said Statute Required Judicial Factfinding To Enhance Sentence And To Resentence Appellant Without Such Findings Violates The Ex-Post Facto Clause Giving Rise To A Direct Violation Of The United States Constitution Fourteenth Amendment Right To Due Process And Equal Protection Of The Law.
 Assignment of Error No. 3: Appellant Defense Attorney Performance Fail To A Level Of Ineffective Assistance Of *Page 5 
Counsel At Resentencing Hearing And Therein Violated Appellant Sixth And Fourteenth Amendment Right To Be Represented By Competent Counsel Through All Phases Of Criminal Proceedings.
[Sic]
 {¶ 11} The basic contention of appellant is that the Ohio Supreme Court, in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, severed R.C. 2929.14(D)(2)(b) and 2929.14(D)(3) in their entirety, leaving "the trial court with only the authority to sentence a defendant to a maximum prison term of 10 years for the felony conviction and that term cannot be reduced if the jury finds the defendant a major drug offender[.]" Appellant also relies upon the later case of State v.Chandler, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, at ¶ 17, which states:
 * * * In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we held that R.C. 2929.14(D)(3)(b) is unconstitutional * * * because it required judicial factfinding before an additional ten years of prison could be imposed. Id. at paragraph five of the syllabus. We severed R.C. 2929.14(D)(3)(b) to remedy the constitutional violation. Id. at paragraph six of the syllabus. As the statute now stands, a major drug offender still faces the mandatory maximum ten — year sentence that the judge must impose and may not reduce. * * *
 {¶ 12} The state on the other hand refers and quotes paragraph six of the syllabus of Foster, which states:
 R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications. * * *
The state also quotes ¶ 17 of Chandler:
 * * * As [R.C. 2929.14(D)(3)(b)] now stands, a major drug offender still faces the mandatory maximum ten-year *Page 6 
sentence that the judge must impose and may not reduce. Only the add-on that had required judicial fact-finding has been severed. * * *
 {¶ 13} An examination of Chandler reveals that both the contentions of appellant and the state are correct, but that appellant in his quotation did not include the final sentence: "Only the add-on that had required judicial fact-finding has been severed." Nevertheless, appellant apparently considers this language to indicate that the entire add-on language had been severed, not just the judicial fact-finding portion of the addon provision. Thus, appellant states, in his reply brief in response to the state's contentions, that:
 * * * [T]he decision to sever the statute by the Ohio Supreme Court in State v. Foster, supra., did not suggest in any of its dictum concerning the major drug offender specification that once it severed the statute that a trial court could still sentence a defendant to an additional ten years "using" the same severed statute but only exclude the judicial factfinding section of R.C. § 2929.14(D)(3)(b). * * *
 {¶ 14} If this were correct, there might be merit to appellant's contention. However, as the state has pointed out, the jury in this case expressly found "that the amount of cocaine involved in Count [One, Two] was * * * equal to or exceeding 1,000 grams." And that R.C.2925.03(C)(4)(g) and 2925.11(C)(4)(f) both indicate that, if the amount of cocaine involved is 1,000 grams or more, the offense "is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term for a felony of the first degree and may impose an additional mandatory term prescribed for a major drug offender under division (D)(3)(b) of section2929.14 of the Revised Code." Appellant raises no issue *Page 7 
with respect to the ten-year mandatory term required by R.C.2929.14(D)(3)(a), but does object to the additional one to ten year term provided by R.C. 2929.14(D)(3)(b), which permits a mandatory additional term of one to ten years. While the original section required trial court's findings of likelihood of recidivism and the comparative crimes, these were determined in Foster to be judicial fact-finding and, therefore, unconstitutional. As noted before, paragraph six of the syllabus as to the judicial fact-finding portions of R.C.2929.14(D)(2)(b) and 2929.14(D)(3)(b) stated expressly that, "[a]fter the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications." Essentially, the effect of theFoster judgment is to sever from R.C. 2929.14(D)(3)(a) only the language that required judicial fact-finding as a prerequisite to imposing the additional add-on sentence as a result of the jury finding that appellant was a major drug offender.
 {¶ 15} Appellant points out that the last sentence at ¶ 97 of theFoster opinion states: "We also excise R.C. 2929.14(D)(2)(b) and (D)(3)(b), which require findings for repeat violent offenders and major drug offenders." However, the first portion of the paragraph deletes several other code sections "in their entirety," which words are not repeated in the last sentence. Furthermore, at ¶ 98 of theFoster opinion, it is stated: "The excised portions remove only the presumptive and judicial findings that relate to `upward departures,' that is, the findings necessary to increase the potential prison penalty." Any possibility that appellant's contention be correct is dispelled by the following language at ¶ 99 of the Foster opinion: "Finally, we hold that R.C. *Page 8 2929.14(D)(2)(b) and (3)(b) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications."
 {¶ 16} Recognizing appellant's frustration that, having been successful in two appeals, having the trial court's sentence reversed on his first appeal by this court, and having this court's judgment affirming the trial court's first resentencing reversed by the Ohio Supreme Court and the cause remanded to the trial court for a third sentencing with the result being that appellant's sentence has not changed significantly from that first imposed by the trial court following the actual jury trial. However, that result is consistent withFoster and with the Supreme Court's remand order to the trial court to resentence appellant in accordance with Foster following reversal of this court's judgment affirming the first resentencing including judicial fact-finding as mandated by this court's mandate in reversing the trial court's original judgment and sentencing.
 {¶ 17} The trial court's original sentencing and this court's reversal of that original sentencing both occurred prior to the decision inFoster finding the statutory judicial fact-finding prerequisites for certain sentences to be unconstitutional. Foster was determined by the Ohio Supreme Court in 2006. The jury verdict finding appellant guilty of the offenses and finding him to be a major drug offender was returned on October 4, 2002. The sentencing hearing was conducted on December 6, 2002. That judgment was appealed to this court resulting in a decision by this court on January 29, 2004, affirming the trial court's judgment in part and reversing it in part, and remanding the cause for resentencing because of the absence of statutorily required fact-finding. A *Page 9 
resentencing was conducted by the trial court on December 15, 2004, and the judicial findings were made in compliance with the mandate of this court and the entry was filed in the trial court on December 20, 2004. Appellant appealed that judgment to this court on November 17, 2005, resulting in this court affirming the trial court's resentencing of appellant in accordance with the prior mandate of this court upon the prior appeal. Appellant appealed that judgment of this court to the Ohio Supreme Court. All this occurred prior to the Supreme Court decision inFoster, supra. As indicated above, the Ohio Supreme Court did expressly reverse the judgment of this court affirming the trial court judgment resentencing appellant pursuant to the mandate of this court in the 2004 judgment upon appellant's first appeal sustaining appellant's second assignment of error in that appeal contending that the trial court failed to adequately explain its findings and sentencing appellant to maximum and consecutive prison terms as then required by statute and the state conceded the error. Appellant's second assignment of error upon the first appeal stated:
 The trial court failed to adequately explain its findings in sentencing appellant to maximum and consecutive prison terms.
 {¶ 18} Appellant sought and obtained reversal of the trial court's judgment and a remand for resentencing by this assignment of error. At the time, making such findings were mandated by statute. More than two years later, the Ohio Supreme Court, in Foster, found the statutory requirement relied upon by appellant in his first appeal to obtain reversal and remand for resentencing to be unconstitutional because it required judicial fact-finding. Upon appellant's second appeal from the resentencing judgment of *Page 10 
the trial court, pursuant to the mandate of this court upon appellant's first appeal, this court affirmed the trial court's judgment because it complied with the mandate of this court obtained upon his first appeal.
 {¶ 19} As indicated above, appellant appealed the judgment of this court upon his second appeal to the Ohio Supreme Court, which entered the order referred to above reversing the judgment of this court upon appellant's second appeal and remanding the case to the trial court for resentencing in accordance with Foster, which had been determined by the Ohio Supreme Court in the interim between the judgment of this court upon appellant's second appeal and the time of the determination of the Ohio Supreme Court to grant appellant's appeal and reverse the judgment of this court and remand the case to the trial court for resentencing in accordance with Foster.
 {¶ 20} Turning more specifically to appellant's assignments of error, appellant's first assignment of error is overruled for the reasons stated above. Appellant's contention of error is based primarily upon his incorrect assumption that the Ohio Supreme Court in Foster severed the entirety of both R.C. 2929.14(D)(2)(b) and 2929.14(D)(3)(b). Rather, as explained above, the Supreme Court severed only the portion of those sections requiring judicial fact-finding with an explanation that trial courts could continue to impose the add-on sentence where the jury had found the defendant to be a major drug offender as defined by statute.
 {¶ 21} Appellant's second assignment of error raises a similar issue with appellant contending that to apply the enhanced sentence without judicial fact-finding violates the ex post facto clause in violation of the Fourteenth Amendment to the *Page 11 
United States Constitution. There is no merit to this assignment of error. SeeDobbert v. Florida (1977), 432 U.S. 282, and Rogers v. Tennessee (2001),532 U.S. 451, 459. Both these cases rejected similar ex post facto contentions. Although the unconstitutional statute required judicial fact-finding, the portion remaining after severance, has been in continuous effect and provided fair warning as to the potential penalty for possessing 1,000 grams or more of cocaine. R.C. 2925.03(C)(4)(g) and2925.11(C)(4)(f) both provided that, if the amount of cocaine involved is more than 1,000 grams, the offense is a felony of the first degree and the offender is a major drug offender. They also provide that the court shall impose the maximum prison term for a felony of the first degree and may impose an additional mandatory term for a major drug offender under R.C. 2929.14(D)(3)(b). Those sections were not declared unconstitutional in Foster and remain in effect. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 22} By his third assignment of error, appellant contends that his counsel at the resentencing hearing was ineffective. One of the prerequisites for a reversal for ineffective assistance of counsel is the requirement that appellant show that there is a reasonable probability that the result of the proceedings would have been different had counsel not committed unprofessional errors. See Strickland v.Washington (1984), 466 U.S. 668. Here, for the reasons stated above, there is little, if any, probability that counsel's requesting a jury trial for determination of the then required sentencing factors would have had any effect whatsoever upon the resentencing of appellant by the trial court following the Supreme Court remand mandate because the fact-finding was no *Page 12 
longer required. Nor is there any indication of any improper or unprofessional conduct by appellant's counsel at the resentencing hearing. Appellant seems to suggest that his counsel at resentencing was ineffective because she did not raise the issues that he raises on appeal to this court. However, for the reasons stated above, counsel acted properly and appropriately in not raising the contentions of appellant made herein based upon his misunderstanding of the holding and effect of the Supreme Court decision in Foster, which, contrary to his contentions, left intact the provision for the add-on sentence up to ten years for being a major drug offender since Foster severed only the portions of the statute requiring judicial fact-finding, leaving the remainder intact.
 {¶ 23} For the foregoing reasons, appellant's three assignments of error are
overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1